MARY E. SMITH, RESPONDENT, v. FISCHER BAKING COM-
PANY, A CORPORATION, AND JOHN SOPORITO,
JOINTLY AND IN THE ALTERNATIVE, APPELLANTS.

Submitted February 18, 1929—Decided October 14, 1929.

For the appellants, *Raymond E. Taylor* and *William E.
Holmwood.*

For the respondent, *Lum, Tamblyn & Colyer* (*William A.
Wachenfeld,* of counsel).

The opinion of the court was delivered by

TRENCHARD, J.   The plaintiff-respondent brought this suit
to recover for damage to her automobile caused in a collision
between her automobile and the automobile owned by the
defendant-appellant, Fischer Baking Company, and recovered
a verdict against such defendant.

The plaintiff's automobile was operated at the time of the
accident by her servant, George E. Versoy.   Prior to the trial

of this suit Versoy brought an action in the Second District Court of Newark against the defendant, Fischer Baking Company, to recover damages on account of personal injuries sustained by him in the same accident.

One of the defenses raised by the defendant Fischer Baking Company in the present action was the defense of *res adjudicata*, and the judgment record of the District Court in the case of George E. Versoy *v.* Fischer Baking Company, showing a judgment for the defendant, was offered in evidence and was excluded.

We now deal with the sole ground of appeal.

We think that the trial judge properly refused to receive in evidence that judgment record.

As we have pointed out, the action being tried when the judgment record was offered in evidence was brought by Mary E. Smith against the defendant to recover for the damage done to the motor vehicle owned by her.

The action formerly tried before the District Court as shown by the judgment record, which was marked for identification and excluded, was by the servant of Mary E. Smith for personal injuries alleged to have been sustained by him in the same collision.

Now, it is settled in this state that these two actions are not one and the same but are separate and distinct. *Ochs* v. *Public Service Railway Co.*, 81 *N. J. L.* 661. We quote from the opinion at page 663:

"We are of the opinion that where injury is caused to property and person by the same negligent act distinct causes of action exist and, therefore, a judgment in one cause is not a bar to an action to recover in the other."

If the judgment record of the District Court, which was offered in evidence, was material at all it could have been material only to support the defense of *res adjudicata*.

But a matter is not *res adjudicata* unless there be identity of the thing sued for, of the cause of action, of the persons and parties, of the quality of the persons for and against whom the claim is made, and the judgment in the former suit be so in point as to control the issue in the pend-

ing action. To render a prior judgment *res adjudicata* the record must show that the issue was taken on the same allegations which are the foundation of the second action. The test is whether the proof which would fully support the one case would have the same effect in tending to maintain the other. *Hoffmeyer and Sons* v. *Trost*, 83 *N. J. L.* 358; *Mershon* v. *Williams*, 63 *Id.* 398.

In *Gardner* v. *Raisbeck*, 28 *N. J. Eq.* 71 (at *p.* 75), the court says:

"In *Behrens* v. *Sieveking*, 2 *M. & C.* 581, the lord chancellor said that in order to support the plea it was necessary to show that the proceedings in which the plaintiffs were alleged to have failed were taken for the same purpose as the suit in which the plea was filed; for, he adds, the issue might have been the same, while the object was different, and the circumstance that the matter had been tried as a matter of evidence, could not be conclusive; that the defendant had to show that the subject-matter was the same, that the right came in question before a court of competent jurisdiction, and that the result was conclusive, so as to bind the judgment of every other court."

Applying these tests to the case in hand it is plain that the judgment in the District Court was immaterial.

The defendant contends that *Ochs* v. *Public Service Railway Co., supra,* has been overruled by *Carter* v. *Public Service Gas Co.,* 100 *N. J. L.* 374.

Not so. These cases are clearly distinguishable. *Ochs v. Public Service Railway Co., supra,* held that where injury is caused to both property and person by the same negligent act, distinct causes of action exist, one for property damage and one for personal injuries, and the judgment in one case is not a bar to an action in another; the court pointing out "that our legislature has recognized a distinction between the right to recover for injuries to property and those to the person" as indicated by its course of legislation in respect thereto. The court therein also held that "the cause of action is not the negligent act, but the consequences following it, for to support an action there must be not only

the negligent act but a consequential injury; the injury being the gravamen of the charge."

*Carter v. Public Service Gas Co., supra,* was not an action for damages arising from negligence. It was rather a suit against a corporation for damages for an alleged assault and battery, committed by its servant, and the court held that a judgment recovered *by such servant against the plaintiff on a similar charge, which it was stipulated arose out of the same occurence and events,* was *res adjudicata* in the latter suit.

Since the judgment record of the District Court offered in evidence in the present suit disclosed an entirely separate and distinct action from the one at bar, with a subject-matter entirely different (the District Court action being for personal injury and this action being for property damage) the record of the District Court was properly excluded by the trial judge as being of no probative value in support of the plea of *res adjudicata.*

The judgment below will be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, KALISCH, BLACK, CAMPBELL, LLOYD, CASE, BODINE, WHITE, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, DEAR, JJ. 16.

*For reversal*—None.