HENRY CROFUT WHITE ET AL., EXECUTORS OF MEYER L. RHEIN, DECEASED, RESPONDENTS, v. SELICK J. MINDES, APPELLANT.

Submitted October 26, 1929—Decided February 3, 1930.

For the appellant, *Joseph Coult* and *Gerald T. Foley.*

For the respondents, *Henry Croful White.*

PER CURIAM.

The judgment appealed from will be affirmed, for the reasons stated in the opinion filed in the Supreme Court, besides the following additional reasons:

The opinion in the court below was put exclusively upon ground expressed in the opinion in *Jardine* v. *Reichert,* 39 *N. J. L.* 165. That case applies; but since that decision there have been opinions in this state expressing more broadly the law on the question of the enforcement of foreign judgments, one of the latest being *National Surety Co.* v. *Mulligan* (1929), 105 *Id.* 336, where we held that the only defenses that can be made to a judgment obtained in another state, when sued on here, are that the court of our sister state did not have jurisdiction of the person or of the subject-matter, that it was fraudulently procured, or had been paid, citing *Smith* v. *Swart,* 103 *Id.* 150, 152; *Walter* v. *Keuthe,* 98 *Id.* 823, 828.

The plaintiffs-respondents assert that the New York judgment is *res judicata* of the cause of action set up in the counter-claim filed in the suit at bar. And this is so. That cause for action could have been given in evidence by defend-

ant-appellant under his general denial to defeat plaintiffs-respondents' recovery *in toto* or *pro tanto,* or it could have been set up in defendant's answer, or by way of counter-claim, which latter might have entitled him to recovery in excess of plaintiffs' claim. He did neither. The defendant-appellant says that the claim was outlawed in New York where the cause for action was brought and the judgment rendered, after a contest. He says that in New York the statute of limitations for malpractice is two years and that the plaintiffs-respondents' testator brought the suit here on the judgment he recovered in New York after the two-year period, but the defendant-appellant contends that this case presents an exception to the rule that matters which might have been litigated in the original suit can be set up in defense of a judgment when suit is brought thereon. The plaintiffs-respondents deny that defendant-appellant was barred by the law of New York when this suit was brought, citing another statute of that state making the bar three years, also citing decisions in that state holding that there the three-year statute applies, which is the limitation governing the question of malpractice; that this suit was brought within that time but insists that the doctrine *res judicata* obtains. If the two-year law applies, as the defendant-appellant says, then by his own statement and admission he is barred, but if the three-year law applies, as the plaintiffs-respondents say, then by their own statement and admission the counter-claim is suable here, if the doctrine *res judicata* does not apply. But it does. This makes it unnecessary to consider and decide what the limitation of the action for malpractice is.

As already stated in the opinion of the Supreme Court, which we adopt, so far as it goes, the judgment is affirmed for the reasons therein stated; but, as already observed, litigation between the parties herein and those in privity with them is concluded and forever barred by the doctrine *res judicata.* The defendant-appellant is effectually estopped here by the judgment in the New York court, upon which this suit is brought.

*In re Walsh Estate,* 80 *N. J. Eq.* 565, Judge Joline, of the Orphans Court, whose opinion we adopted, said (at *p.* 569), citing authority: "All, that is necessary is that the right to relief in the one suit shall rest upon the same point or question which, in essence and substance, was litigated and determined in the first suit, and in such a case the parties and those in privity with them are concluded, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose;" and this court (at *p.* 575) said that we were satisfied to rest our conclusion upon the very satisfactory opinion of Judge Joline.

And in *McMichael* v. *Horay,* 90 *N. J. L.* 142, this court (at *pp.* 144, 146), quoting approvingly from City of Paterson *v.* Baker, opinion by Vice-Chancellor Van Fleet, said: "That parties and those in privity with them are concluded, not only as to every matter offered and received to sustain or defeat the demand, but as to any other admissible matter which might have been offered for that purpose." * * * The doctrine under consideration is a rule of practice, unlimited in its operation, which must be enforced whenever its enforcement is necessary for the protection and security of rights, and for the preservation and security of society."

We concluded by saying that we did not decide whether the trial judge was right or wrong in his ground for non-suit, but preferred to put our decision "upon the ground of public policy, which for the repose of society, decrees that judgments rendered by competent tribunals having jurisdiction of the subject-matter and the parties, shall be forever at rest."

Let the judgment be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, KALISCH, LLOYD, BODINE, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, JJ. 12.

*For reversal*—None.