JOHN H. WIRTH, PLAINTIFF, v. PERCY A. SLINN, DEFENDANT.

Decided October 2, 1931.

For the plaintiff, *Joseph H. Gaudielle.*

For the defendant, *De Turck & West.*

CAFFREY, C. C. J.    This case arises out of an automobile accident which occurred on November 28th, 1929, and comes on to be heard by the court for determination, by consent of counsel, upon plaintiff's motion to strike the defense of *res adjudicata* interposed by the present defendant, and for the purpose of disposing the matter the following facts were stipulated:

The facts briefly stated, are as follows:    On November 28th, 1929, one William J. Brady owned an automobile which was being driven in an easterly direction along Beech street near the intersection of First street (both being public streets in the city of Hackensack in this state) the Brady car, with the consent of the owner, being operated by John H. Wirth (the plaintiff in the case at bar).    An automobile owned and operated by Percy A. Slinn (the defendant in the case at bar), was proceeding in a northerly direction along First street aforesaid and at or near the intersection of the two streets aforementioned, the respective automobiles collided with each other.    The wife of Slinn was an occupant of her husband's car.    Both automobiles were damaged and Mrs. Slinn and Wirth allegedly injured.    Thereafter, an

action was commenced in this court by the driver, Wirth, against Slinn, the complaint therein filed alleging that Slinn was negligent in the operation and control of his (Slinn's) car, by reason of which Wirth was injured, requiring medical and surgical attention and medicines. The answer filed by Slinn denied negligence and averred that the Slinn automobile was operated in a careful manner, and that the negligence of Wirth contributed to the happening of the collision and injuries complained of. The case at bar was thereafter noticed for trial but has not yet been tried. On March 4th, 1930, Slinn and his wife instituted suit in the Bergen County Court of Common Pleas (hereinafter referred to as Common Pleas case) against both Brady and Wirth, the complaint filed in that court alleging that Brady, as owner, and Wirth, as the driver, were negligent in this operation and control of the Brady car, resulting in the Slinn car being damaged and Mrs. Slinn injured and Slinn being deprived of the society and companionship of his wife and necessitating the expenditure by Slinn° for his wife of divers sums of money for medicines, doctors, nurses and hospital attention. The answer of Brady and Wirth in the Common Pleas case admitted operation and control of the Brady car, denied negligence on their part and alleged that the negligence of the Slinns was the cause of the happening of the accident and that both Brady and his driver violated no duty which they owed to the Slinns. On May 8th, 1930, the Common Pleas case was tried before that court and a jury, resulting in a verdict being rendered (and rule for judgment entered) against both Brady and Wirth, the damages in favor of Slinn being assessed at $600 and that of his wife in the sum of $2,500. The amount of this verdict has been fully paid and the judgment entered thereon satisfied of record. Thereafter, Slinn filed a supplemental answer in the case at bar, setting up the defense of *res adjudicata* for that the matters in difference in the present case were adjudicated in the Common Pleas case. Wirth's attorney thereupon, thereafter, moved to strike out this defense. On this motion, this matter now comes on to be heard by this court.

The doctrine of *res adjudicata* rests on strong reasons of public policy and also of private right. It must be enforced wherever it is necessary for the protection and security of rights.

A judgment concludes parties and their privies not only as to every matter which was offered and received to sustain or defeat the claim, but as to any other admissible matter which might have been offered for the purpose. *McGarvey* v. *Young,* 100 *N. J. Eq.* 174; *affirmed,* 101 *Id.* 302; *City of Paterson* v. *Baker,* 51 *Id.* 49; *In re Walsh's Estate,* 80 *Id.* 565, 569; *W. D. Cashin & Co.* v. *Alamac Hotel Co.,* 98 *Id.* 432.

To render a prior judgment *res adjudicata* the record must show that the issue was taken on the same allegations which are the foundation of the second action. The test is whether the proof which would fully support the one case would have the same effect in tending to maintain the other. *Hoffmeier & Son* v. *Trost,* 83 *N. J. L.* 358; 85 *Atl. Rep.* 221; *Hershon* v. *Williams,* 63 *N. J. L.* 398; 44 *Atl. Rep.* 211, cited with approval in *Smith* v. *Fischer Baking Co. et al.,* 105 *N. J. L.* 567; 147 *Atl. Rep.* 455.

*In re Walsh's Estate,* 80 *N. J. Eq.* 565; 74 *Atl. Rep.* 563, the court (at *p.* 569) citing authority of *City of Paterson* v. *Baker,* 51 *N. J. Eq.* 49; 26 *Atl. Rep.* 324, said that: "All that is necessary is that the right to relief in the one suit shall rest upon the same point or question which in essence and substance was litigated and determined in the first suit, and in such a case the parties and those in privity with them are concluded, "not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose," and this opinion has been cited with approval by our Court of Errors and Appeals repeatedly. *McMichael* v. *Horay,* 90 *N. J. L.* 142; *White et al.* v. *Mindes,* 106 *Id.* 606; 148 *Atl. Rep.* 781.

In the Common Pleas case, the suit against Brady and Wirth was by Slinn and his wife for personal injuries to Mrs. Slinn and loss of her society, medical expenses and

damage to his automobile by Mr. Slinn. It should be noted that Wirth filed no counter-claim against Slinn in that cause. In the pending case the action is by Wirth against Mr. Slinn and the latter in his answer denies negligence, averring that the negligence of Wirth resulted in the injuries complained of by Wirth. Both Wirth and Slinn were parties to the former (Common Pleas case) suit, the right to relief there resting upon the question of negligence. In the instant case, I believe it is conceded that the proof submitted in the Common Pleas case with particular reference to the question of negligence resulted in the jury in that court finding as a fact that Wirth was negligent in the operation and control of the Brady car and that there was no negligence on the part of Slinn, whereupon judgment was accordingly entered in favor of the Slinns. · The issue being one of negligence there as well as here and that point or question having already been litigated and determined and resolved in favor of Slinn, I am of the opinion that the judgment in the Common Pleas case is conclusive and so in point as to control the issue in the pending action here.

Ordinarily where injury is caused to both property and the person by the same negligent act, distinct causes of action exist and a judgment in one case is not a bar to an action to recover in the other. But in order to support an action, there must be not only the negligent act, but a consequential injury which is the gravamen of the charge. *Ochs* v. *Public Service Railway Co.*, 81 *N. J. L.* 661. However, while a litigant may take alternate positions as to certain matters or things he cannot take inconsistent ones with reference to the very same identical matter or thing. The right to relief here rests upon the same point or question—that of negligence —which in essence and substance was litigated and determined in the Common Pleas case and it would be unjust and improper to now permit the plaintiff here to question the propriety of the jury's findings that he (Wirth) was negligent. Commenting on the doctrine of *res adjudicata,* 34 *Corp. Jur.* (at *p.* 743), states that "any right, fact, or matter in issue, and directly adjudicated upon, or necessarily in-

volved in, the determination of an action before a competent court in which a judgment or decree is rendered upon the merits is conclusively settled by the judgment therein and cannot again be litigated between the parties and privies whether the claim or demand, purpose, or subject-matter of the two suits is the same or not." See *W. D. Cashin & Co.* v. *Alamac Hotel Co., Inc.,* 98 *N. J. Eq.* 432; 131 *Atl. Rep.* 117 (at *p.* 121).

In the *Ochs* v. *Public Service Railway Co., supra,* the plaintiff had previously recovered in an action for the injury to his horse and carriage, and thereafter brought suit for his personal injuries. In the previous case, the question of negligence was determined in favor of Ochs and against the railway company and this determination in favor of Ochs, together with the resultant personal injuries sustained by him, gave rise to his suit arising out of the same accident. Judgment was subsequently entered in his favor and affirmed. 81 *N. J. L.* 661; 80 *Atl. Rep.* 495. In the instant case the question of negligence was determined against the present plaintiff and in favor of the defendant herein.

In the later case of *Smith* v. *Fischer Baking Co., supra,* the question there arose as to whether the District Court judgment in the previous action of the driver, Versoy, against the company, was such as to be *res adjudicata* in a subsequent suit instituted against the company by the owner of the car driven by Versoy. The owner of the car (Mrs. Smith) had not been a party in the District Court proceedings. However, in the case at bar, both Wirth and Slinn were parties to the suit instituted in the Bergen County Court of Common Pleas and their rights as against each other arising out of the question of negligence were determined by a jury before a court of competent jurisdiction and that judgment there is controlling here.

The judgment in the Common Pleas case is now a bar to the pending action here. The earlier controversy was between the same parties (Wirth and Slinn) and their privies and involved the same issue. All questions of fact arising out of the collision between the automobiles owned and

operated by the respective parties have been litigated and determined in the former suit and the parties in the case at bar are, therefore, concluded not only as to every matter which was offered and received to sustain or defeat the claim, but as to any other admissible matter which might have been offered for the purpose. It has been determined as a fact by a jury before a court of competent jurisdiction (Common Pleas case) that Wirth was negligent in the operation and control of the Brady car and that Slinn was free from negligence. The former action having been determined in favor of Slinn and against Wirth and his employer, that judgment, for the reasons herein stated, is conclusive not only as to the *res* of that case but as to all further litigation between the same parties touching the same subject-matter though the *res* itself may be different.

The defense of *res adjudicata* interposed by the defendant will be permitted to stand and the motion of the plaintiff to strike out said defense will be denied. An order may be presented accordingly.