MARYLAND C. MAYHEW et al., complainants-respondents,

*v.*

EVERETT J. CHAPMAN et al., defendants-appellants.

[Argued May 18th, 1934—Decided October 5th, 1934.]

*Mr. Judson B. Salisbury,* for the appellants.

*Mr. Samuel Tartalsky,* for the respondents.

PER CURIAM.

The decree under review will be affirmed, in the main for the reasons set out in the conclusions of the vice-chancellor.

It is proper to note our reservation of concurrence in two minor propositions in the opinion below, which do not affect

the result. The first is that an agreement by a husband to support his wife will be enforced by way of specific performance. As to this, see *Apfelbaum* v. *Apfelbaum, 111 N. J. Eq. 529.* The second is that separation agreements as a general rule are terminated by the husband's later decree of divorce, and this under the theory that an agreement for separate maintenance is in consideration of the future chastity of the wife. In *Whittle* v. *Schlemm, 94 N. J. Law 112,* we held (at *p.* 117) that the liability to support persists even in the face of subsequent unchastity, unless stipulated otherwise in the agreement, and unless and until the husband procures a divorce.

These two propositions are not necessary to the decision or to an affirmance.

We agree that there was lawful consideration for the mortgage, in that the wife agreed in writing to execute releases of dower when requested, and agreed to vacate the premises, which in fact she did. Moreover, she was at the time entitled to alimony *pendente lite,* and it was competent for the parties to make a "lump sum" settlement of that, subject to review by the court. *Sobel* v. *Sobel, 99 N. J. Eq. 376, 379.* The mortgage performed that office, and in fact fell due while the divorce suit was still pending and undetermined.

The decree is affirmed.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, KAYS, HETFIELD, DEAR, WELLS, JJ. 13.

*For reversal*—None.