SARAH PHILLIPS, complainant-respondent,

*v.*

MAX PHILLIPS, defendant-appellant.

[Argued October 23d, 1935. Decided January 31st, 1936.]

*Mr. Milton M. Unger,* for the appellant.

*Mr. Isadore Glauberman,* for the respondent.

The opinion of the court was delivered by

DONGES, J.

Respondent seeks the specific performance of a written agreement with her husband for her support and maintenance.

It appears that the parties were married on October 11th, 1905, and lived together until April, 1919, when the wife alleges her husband deserted her. On June 14th, 1924, she filed her petition in the court of chancery for divorce on the ground of desertion. On November 14th, 1924, the parties entered into a written agreement providing for the payment of $10,000 annually to the wife, and for the payment of certain sums upon the entry of a final decree of divorce, and upon certain dates thereafter.

The prayer of the bill is for the specific performance of the agreement and for a decree for arrears. The appellant set up several defenses, among them that the court is without jurisdiction to decree specific performance of the agreement, and counter-claimed to have the court examine into, revise and modify the agreement respecting the payment of the yearly sum provided for, as may be equitable and just as between

the parties. The first defense was that the agreement was collusive and, therefore, void; the second was that the amount of $10,000 per year was beyond the ability of the appellant to pay.

On motion on behalf of the complainant to strike the defenses and counter-claim, the court struck the second and third defenses and the counter-claim.

We deem it necessary only to deal with the third defense, that the court of chancery is without jurisdiction to decree specific performance of an agreement to pay alimony.

In *Apfelbaum* v. *Apfelbaum, 111 N. J. Eq. 529,* this court said that the jurisdiction of the court of chancery over the matter of alimony "not only exists while that relation persists, but by the express language of the Divorce act (*Comp. Stat. p. 2035 ¶ 25*), continues after decree of divorce; and it necessarily includes the power, in cases where the wife is entitled to alimony, to regulate the amount of such alimony from time to time, to supervise agreements between the parties in that regard, to enforce them if deemed just, and to decline to recognize them otherwise. *Calame* v. *Calame, 25 N. J. Eq. 548.* But these powers grow out of the existing or pre-existing marital status, and are not controlled by the rules of specific performance of contracts. The bill in this case being framed as a bill for specific performance, was properly dismissed as such, * * *."

And in *Second National Bank* v. *Curie, 116 N. J. Eq. 101,* this court said:

"We take the view that the agreement in these aspects was in essence and purpose an agreement for the reasonable and suitable support of the wife according to her station and according to her husband's means and ability to support her, and that it comes therefore under the general class of agreements for maintenance where husband and wife are living apart and, as such, is subject to the control of the court of chancery, but not by way of specific performance. *Apfelbaum* v. *Apfelbaum, 111 N. J. Eq. 529.* The agreement itself may be regarded by the court as evidential with regard to the amount of money to be paid, though not controlling in that regard; same case, No. 60, October term, 1933. *115 N. J. Eq. 555.*" See, also, *Aiosa* v. *Aiosa, 119 N. J. Eq. 385.*

So here, the prayer is for specific performance of the agreement for alimony, and the third defense was good and should not have been struck. It is, in fact, dispositive of the case.

Finding, as we do, that the court was without jurisdiction to entertain the bill, it is not necessary to determine the other questions involved.

The order is reversed, and the cause remanded to the court of chancery with instructions to dismiss the bill of complaint.

BROGAN, CHIEF-JUSTICE. (Dissenting.)

I am unable to concur in the opinion of the majority.

This is the wife's bill praying performance of an agreement between herself and her husband, made while a divorce suit between them was pending. The agreement comprehends alimony and maintenance and is based, not only on the duty of a husband to support a wife but upon a relinquishment of the wife's inchoate dower right and a release of her rights in his real and personal property as well. She made no application for alimony, relying on the agreement and, furthermore, she surrendered her right of dower and whatever rights she had in the husband's property. She prays a decree for the installments due and owing under the agreement, and which are in arrears.

That equity is powerless to compel the performance of this class of contract *in futuro* is admitted. That equity is powerless to award a decree for the installments past due is denied. *Head* v. *Head* (*English Chancery Reports*), *3 Atk. 547; Calame* v. *Calame, 25 N. J. Eq. 548; Aspinwall* v. *Aspinwall, 49 N. J. Eq. 302; Mockridge* v. *Mockridge, 62 N. J. Eq. 570,* and other cases. Nor does this view conflict, as I understand the cases, with *Apfelbaum* v. *Apfelbaum, 111 N. J. Eq. 529,* or *Second National Bank* v. *Curie, 116 N. J. Eq. 101.*

Equity has the power to compel the husband to pay that which he promised to pay and that which now is in default.

Having these views, I therefore vote to affirm the decree.

*For affirmance*—THE CHIEF-JUSTICE, HETFIELD, JJ. 2.

*For reversal*—LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, DEAR, WELLS, WOLFSKEIL, RAFFERTY, JJ. 10.