ANTONINA AIOSA, complainant-respondent,

*v.*

LUIGI AIOSA, defendant-appellant.

[Submitted October 25th, 1935. Decided January 31st, 1936.]

*Messrs. Mendelsohn & Mendelsohn (Mr. Sam Mendelsohn, of counsel), for the appellant.*

*Mr. Henry Marelli, for the respondent.*

The opinion of the court was delivered by

Donges, J.

Appellant and respondent were married June 6th, 1908, and lived together until November 21st, 1932, when they separated and agreed in writing to live apart. By the terms of the agreement, appellant was to pay to respondent the sum of $8 per week for her maintenance and support. Respondent, alleging default in the payment of the weekly sums, filed her bill in the court of chancery, praying: "That the defendant may be compelled, by the decree of this honorable court, to comply with the terms of said agreement and to pay to the complainant the amount due her, by virtue of its terms."

The decree orders the payment by appellant to respondent of "the sum of nine hundred and fifty-two dollars ($952), being the amount due complainant, to the date hereof, under said agreement, &c."

It appears from the record that the bill in this case is framed as a bill for specific performance and the decree is for a specific performance of the separation agreement.

In *Apfelbaum* v. *Apfelbaum, 111 N. J. Eq. 529,* this court said:

"* * * and our decisions hold uniformly that alimony is a subject specifically committed to the court of chancery and arising from the present or past status of the parties as husband and wife. * * * But these powers grow out of the existing or pre-existing marital status, and are not controlled by the rules of specific performance of contracts."

To the same effect is *Second National Bank* v. *Curie, 116 N. J. Eq. 101,* where Mr. Justice Parker said that such agreements are "subject to the control of the court of chancery, but not by way of specific performance."

In the instant case there was no attempt to show the reasonable needs of the wife or the ability of the husband. The

decree was for a specific performance of the agreement, and under the settled law of this state was not within the competence of the court and the bill should have been dismissed.

The conclusion reached renders it unnecessary to determine the other matters raised on the appeal.

The decree is reversed.

*For affirmance*—THE CHIEF-JUSTICE. 1.

*For reversal*—LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, DEAR, WELLS, WOLFSKEIL, RAFFERTY, JJ. 10.