The parties to this cause, while they were husband and wife, reached an understanding early in the fall of 1934, that the wife would seek a divorce and would take custody of their three-year-old daughter. The wife, who is complainant in the cause, also alleges that her husband, the defendant, further "agreed to pay to the complainant for the support of the said child during her minority" $150 monthly, besides tuition fees after she should enter school and medical expenses of an unusual character. Complainant obtained a divorce in Nevada December 18th, 1934, and since then she has taken care of the child. Defendant paid her $150 monthly up to November, 1936, and thereafter only $80 a month. Complainant sues for the arrears and for the amount of school and medical bills due her under the alleged agreement. *Page 533 
The parties have always been residents of New Jersey, except, as I assume, while complainant was getting her divorce.
Our court of errors and appeals in Apfelbaum v. Apfelbaum,111 N.J. Eq. 529, and Phillips v. Phillips, 119 N.J. Eq. 462,
established the rule, as I understand it — "The Divorce act gives to chancery jurisdiction to award alimony and from time to time to increase or diminish it. Any contract between the parties attempting to fix alimony, is contrary to the policy of the statute and void, and no action can be based thereon, although the contract is evidential of what is reasonable alimony under the circumstances existing at the time the contract was made."Moller v. Moller, 121 N.J. Eq. 175. For a careful study of the two cases, see Cohen v. Cohen, 121 N.J. Eq. 299.
The provision in the Divorce act (Comp. Stat. p. 2035) touching alimony follows:
"25. Pending a suit for divorce or nullity, or after decree of divorce, it shall be lawful for the court of chancery to make such order touching the alimony of the wife, and also touching the care, custody, education and maintenance of the children, or any of them, as the circumstances of the parties and the nature of the case shall be rendered fit, reasonable and just, * * * orders so made may be revised and altered by the court from time to time as circumstances may require."
The act concerning minors, section 6 (Comp. Stat. p. 2809), empowers chancery, after a foreign divorce, to make such decree for the care, custody, education and maintenance of children in this state, as if the divorce had been obtained here.
Thus the same section of the statute which vests in chancery control of alimony, also gives it jurisdiction over the support of the children of divorced parents. If a contract, attempting to fix alimony, is contrary to the policy of the statute and void, equally is a contract to fix support of the child unenforceable.
I conclude that no action can be based on the contract which complainant alleges her husband made. Bill dismissed. *Page 534