Martha S. Armour, complainant-respondent,

*v.*

Bernard R. Armour, defendant-appellant.

[Argued May 26th, 1942.   Decided September 18th, 1942.]

*Messrs. Lum, Fairlie & Wachenfeld* (*Mr. Ralph E. Lum* and *Mr. Saul J. Zucker*), for the complainant-respondent.

*Mr. Charles Hershenstein,* for the defendant-appellant.

The opinion of the court was delivered by

CASE, J.

The appeal is from two orders in Chancery: (1) an order dated February 25th, 1942, permitting complainant to amend her bill by adding a cause of action for separate maintenance and (2) an order dated March 6th, 1942, directing defendant to pay alimony and counsel fees under the bill as so amended.

Complainant filed her bill to compel specific performance of a separate maintenance agreement. Defendant answered that the Court of Chancery had no jurisdiction to decree specific enforcement in such a suit. Complainant moved to strike that portion of the answer, and her motion was denied. She appealed, and we affirmed. *Armour* v. *Armour, 131 N. J. Eq. 110.* Complainant then sought and obtained the orders noted above. The advisory master on whose advice the orders were made filed two sets of conclusions on the same matter; the first for the information of counsel, with the observation—"In case an appeal is taken I will prepare and file a formal opinion;" the second, after the appeal had been taken.

The first memorandum contains these statements regarding the application to amend the bill:

"Defendant opposes the application on the ground that the original complaint sets up alleged cause of action beyond the jurisdiction of the court (as has been adjudged) and that the original bill should therefore be dismissed before an amendment is allowed. Obviously, defendant is entitled to have the original bill dismissed; obviously, also, if it were now dismissed there would remain no bill to amend."

The reasoning is faultless, but it does not lead to the retention of the bill to permit the complainant to set up a new case. Even if there was not formal notice of motion to dismiss the bill it was put and argued in Chancery that inasmuch as that court had been held, on appeal, to be with-

out jurisdiction to entertain the bill the bill should be forthwith dismissed without amendment. The point was well made.

It was not that the bill was grounded in a cognizable cause which was defectively or insufficiently stated. The bill stated its claim plainly enough, but the claim, thus made manifest, was not within the court's jurisdiction. The cause of action, if we may call it that, was not within Chancery jurisdiction. The advisory master understood this and held forth the suggestion that after he had given life to the litigation by permitting an amendment setting up a cognizable cause of action he would "entertain a motion to dismiss the alleged causes of action contained in the original bill." That procedure, in logic and under the cases, was not sound. The advisory master rested his course, and the respondent here relies, upon two decisions, *Schaffer* v. *Krestovnikow, 89 N. J. Eq. 549,* and *Thiesmeier* v. *Thiesmeier, 124 N. J. Eq. 116,* neither of which, in our opinion, is pertinent. The first cited decision relates to an amendment to an answer. In the *Thiesmeier Case* (Chancery) the argued question was whether a petition setting up a cause of divorce in an alleged desertion might be amended by adding thereto counts for divorce resting on other grounds. Neither case dealt with a situation in which the court was without jurisdiction to grant the relief prayed. The conclusions filed by the advisory master on his refusal to strike the answer (the subject-matter of the first appeal) carried the suggestion, quoted from the answer, that the complainant's remedy was by suit for maintenance and, further, convincingly and truly stated the law and cited all, and precisely, the controlling decisions upon which this court later based its determination. Complainant did not, as is always the obligation, seek her amendment immediately the fault was brought to her attention. The answer, which raised the question, was filed April 15th, 1941, and the order in Chancery refusing to strike was made July 23d, 1941. Complainant chose to stand her ground and litigate. Whatever course might have been open to her at the beginning, we find that the proper disposition of the cause on the lodging

of the *remittitur* in Chancery was to dismiss the bill without prejudice to the filing of a new one; and that, we think, is in accordance with the long established procedure. Our attention has not been called to a precedent *contra*. The only equity advanced for the allowing of the amendment is that it saved expense and delay. It is not shown that even had there been no second appeal the saving in either respect over the filing of a new bill would have been substantial; and the appeal has, of course, been at considerable cost of both time and money. In *Aiosa* v. *Aiosa, 119 N. J. Eq. 385,* we held that Chancery was not competent to grant specific enforcement of maintenance agreements and that the bill should have been dismissed. In *Phillips* v. *Phillips, 119 N. J. Eq. 462,* a similar suit, we remanded the record to Chancery with instructions to dismiss the bill. We did not herein specifically direct a dismissal, but this case is in no better position than were those cases which were in the books when the present bill was filed. Chancellor Walker said in *Fodor* v. *Kunie, 92 N. J. Eq. 301:*

"Amendments are allowed in equity with great liberality. *Codington* v. *Mott, 14 N. J. Eq. 430; Seymour* v. *Long Dock Co., 17 N. J. Eq. 169.* But the doctrine has not been extended so far as to permit the substitution of an entirely different case from that made by the original bill. In *Codington* v. *Mott, supra* (at *p. 434*), Chancellor Green observed that Lord Redesdale, in *Deniston* v. *Little, 2 Sch. & Lef. 11, note,* said that he knew of no case which allows an amendment in order to enable the party to make a new case, and concludes by saying that the proper practice, where the complainant has mistaken his case, is to dismiss the bill without prejudice to a new one."

We think that the course there suggested should be followed here. The order directing payment of alimony and counsel fees falls along with the amendment.

The orders below will be reversed and the record will be remitted to the Court of Chancery with a direction to dismiss the bill without prejudice to the filing of a new one.

*For affirmance*—DONGES, J.  1.

*For reversal*—THE CHIEF-JUSTICE, PARKER, CASE, BODINE, HEHER, PERSKIE, PORTER, COLIE, DEAR, WELLS, RAFFERTY, HAGUE, THOMPSON, JJ.  13.