While there was pending a divorce suit brought by Walter O. Lum, the defendant herein, the parties entered into an agreement "to settle all questions concerning alimony, support and allowances, and property rights." It contains provisions for the division of property and further that the husband shall pay to his wife "for her support and maintenance the sum of $130 per month until her death or remarriage." The husband made the monthly payments to his wife until he obtained a final decree for divorce, when he stopped all payments. His divorced wife, the complainant, prays that the court "decree the obligations and duties of the defendant under the terms of said agreement;" that the court order him to pay the accrued arrearages, and also order him "to pay the monthly sums as shown in the contract on each and every month in the future until the further order of this court."
The husband put in an answer to the bill which raises certain questions of law. Complainant moves to strike the answer.
The Divorce Act gives Chancery jurisdiction to require a husband who has separated himself from his wife to pay for her suitable support, and also jurisdiction pending suit for divorce or after decree of divorce, to award alimony to the wife. R.S.2:50-37 and 39. Any contract between the parties fixing the amount of separate maintenance or alimony, is ineffectual to control the court in the exercise of this jurisdiction, although the contract is evidential of what is reasonable under the circumstances existing when the contract was made. Where the statutory remedy is available to the wife, she must sue on the statute and cannot maintain an action on the contract.Apfelbaum v. Apfelbaum, 111 N.J. Eq. 529; Aiosa v. Aiosa,119 N.J. Eq. 385; Phillips v. Phillips, 119 N.J. Eq. 462;Richman v. Richman, 129 N.J. Eq. 114; Corbin v. Mathews,129 N.J. Eq. 549; Armour v. Armour, *Page 200 131 N.J. Eq. 110; 132 N.J. Eq. 298; Applegate v. Applegate,135 N.J. Eq. 29.
But where the wife cannot have relief based on the statute, she may sue on the contract. Such a case was Second National Bank
v. Curie, 116 N.J. Eq. 101. The parties were husband and wife, residents of New York; no suit for divorce was pending or contemplated; Chancery had no jurisdiction to decree separate maintenance or alimony under our statute. So the wife was able to sue on a contract which the Court of Errors and Appeals found "came under the general class of agreements for maintenance where husband and wife are living apart." Another authority is Mayhew
v. Chapman, 116 N.J. Eq. 254; 117 N.J. Eq. 27. A husband brought suit for divorce and, while it was pending, agreed to pay his wife so much a month and, as security, gave a mortgage on his home. For four years after he obtained his divorce, he made the stipulated payments and then defaulted. Thereupon followed suit and decree of foreclosure which was affirmed on appeal.
While the section of our statute which confers authority on Chancery to decree alimony after divorce, does not in terms restrict the authority to cases in which the wife is the innocent party, yet the nature of alimony imposes the limitation. Alimony is an expression of the continuing duty of support which a husband owes his wife, and of which he is not permitted to absolve himself by his own misconduct, although that misconduct results in a dissolution of the marriage. Where it is the wife's misconduct that brings about the dissolution, the husband's duty to support her ends with the dissolution and without the common law duty to support her there can be no obligation to pay alimony. Lynde v. Lynde, 64 N.J. Eq. 736; Parmly v. Parmly,125 N.J. Eq. 545. The former wife in Mayhew v. Chapman, like complainant in the cause before me, had no title to alimony and therefore was in a position to enforce the agreement. It is true that the suit was one to foreclose, but the mortgage was a mere security for the contract and the default on which she relied was the failure to make stipulated payments that fell due several years after the divorce had been granted. *Page 201 
Generally a husband's obligation under an agreement to make periodic payments for the support of his wife, terminates when he obtains a decree of divorce. Thomas v. Thomas, 104 N.J. Eq. 607; Mayhew v. Chapman, supra. But this rests upon the presumed intention of the parties; it is a matter of construction of the contract. In the case before me, the circumstances stated in the bill, as well as the unambiguous words of the contract, operate to continue the defendant's liability as long as complainant lives or until she remarries.
I am not entirely clear exactly what measure of relief Mrs. Lum may have. In the Mayhew Case, the decree strictly followed the contract, but in Second National Bank v. Curie, supra, Mr. Justice Parker said that the agreement was "subject to the control of the Court of Chancery, but not by way of specific performance;" that the agreement, while evidential, was not controlling with regard to the amount of money to be paid, and that the matter was within the discretionary regulation of the court. As I understand the direction of the Court of Errors and Appeals, if it is applicable here, Chancery should consider whether the contract was fairly obtained and is fair in its terms, whether any circumstances have arisen which make enforcement inequitable and whether and to what extent the court in the exercise of a sound discretion, should decree performance. In the instant cause, the answer does not challenge the making of the contract or its terms, or allege any subsequent happenings that should prevent enforcement. In regard to discretion, I am somewhat at a loss for a yardstick by which to determine how much a man should pay for the support of his divorced wife. In the absence of allegations in the answer of any facts that might guide the court's discretion, the contract would seem to govern. Complainant prays for the agreed monthly sums. Even though the court should eventually determine that the contract is not the proper measure, she will not be prejudiced by such a prayer. She may have such relief as might be granted under a prayer for general relief, that is, any appropriate relief consistent with the case made by the bill. Chancery Rule No. 61. Annin v.Annin, 24 N.J. Eq. 184. Story, Eq. Pl., § 40. *Page 202 
The record in the divorce suit discloses that a few weeks after the date of the contract, Mrs. Lum filed a counter-claim in which she alleged that her husband had deserted her and prayed that the marriage be dissolved and her husband be compelled to support her. The counter-claim does not mention the agreement. The decreenisi recites that Mrs. Lum failed to sustain the allegations of her counter-claim, and therefore the counter-claim was dismissed. The decree is not an adjudication that the agreement was invalid or was not enforceable; it has no effect as an estoppel or otherwise, on Mr. Lum's liability upon the agreement, since that was not in issue. Phillips v. Phillips, 118 N.J. Eq. 189;119 N.J. Eq. 497.
The answer discloses no defense to the bill and contains nothing that can aid the court in a discretionary handling of complainant's prayer for relief. Let the answer be struck.