NATALIO PAGAN, PLAINTIFF, v. SAUL KAUFMAN AND
GRAND CITY CONTAINER CORPORATION, A CORPORA-
TION OF NEW YORK, DEFENDANTS.

Superior Court of New Jersey
Law Division

Decided November 3, 1952.

426

[redacted]

Messrs. *Gross & Blumberg* (*Mr. William Rossmore* appearing), attorney for the plaintiff.

*Mr. John W. Taylor* (*Mr. Charles P. Horton* appearing), attorney for the defendants.

DUFFY, J. C. C. This matter is before me on motion by defendant, Grand City Container Corporation, for summary judgment. It contends that the claim asserted by the plaintiff in the present complaint has been fully litigated and determined in a workmen's compensation proceeding in which the plaintiff appeared as petitioner and the corporate defendant as respondent. In support of this position, it offers further proof that the judgment of dismissal entered in the Division of Workmen's Compensation was sustained on appeal by the finding of the County Court in a trial *de novo*. It therefore argues that the present action is debarred under the doctrine of *res judicata*.

Plaintiff contends that since neither the deputy director nor the County Court judge specifically found that the petitioner (plaintiff) had sustained an accident arising out of and in the course of his employment, their findings do not preclude him from asserting his present common law claim.

Plaintiff refers to the formal determination of the deputy director which says, in part:

"Assuming, without so finding, that petitioner was injured as the result of an accident arising out of and in the course of his em-

ployment, the question for determination is whether or not he suffered any permanent disability as a result thereof. * * * I am satisfied, and so I find that petitioner did not sustain any disability of either a temporary or permanent nature as a result of the alleged accident."

And he also refers to the judgment of the County Court, which says:

"Under the circumstances of the case, assuming, as I am disposed to believe, that the petitioner did meet with an accident arising out of and in the course of his employment, still I do not consider that he has proven by a clear preponderance of the credible evidence that he sustained permanent disability as a result thereof."

 It has long been established that

"a matter is not *res adjudicata* unless there be identity of the thing sued for, of the cause of action, of the persons and parties, of the quality of the persons for and against whom the claim is made, and the judgment in the former suit be so in point as to control the issue in the pending action. To render a prior judgment *res adjudicata* the record must show that the issue was taken on the same allegations which are the foundation of the second action. The test is whether the proof which would fully support the one case would have the same effect in tending to maintain the other." *Templeton v. Scudder*, 16 *N. J. Super.* 576, 578 (*App. Div.* 1951); *Smith v. Fischer Baking Co.*, 105 *N. J. L.* 567, 568 (*E. & A.* 1929).

Applying the rule to the motion *sub judice*, I am satisfied that the second count of the present complaint, except for the allegation of the commission of a *willful* tort (assault and battery) by an agent, servant or employee of the defendant corporation, raises exactly the same issue as that previously determined. The gravamen remains the same. The circumstances of the happening are not distinguished in any way. The only added element is that the attack was made "deliberately and maliciously."

It has been said that

"where the right to relief in the one suit shall rest upon the same point or question which, in essence and substance, was litigated and determined in the prior suit, the parties and their privies are

concluded, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissable matter which might have been offered for that purpose. * * * In a word, a litigant is entitled to his day in court, but not to relitigate an issue once determined by a valid judgment." *Hudson Transit Corp. v. Antonucci*, 137 *N. J. L.* 704, 707 (*E. & A.* 1948).

Upon reading the determination of the deputy director and the County Court judge it is obvious that both predicated their dismissals on the ground that the present plaintiff had failed in his burden of proving that he had suffered disability. This means that they found he was not entitled to compensation—after they had entertained jurisdiction of his claim and conducted a hearing on it.

After careful consideration it is my opinion that the plaintiff has had "his day in court" and that the issue now presented has "been determined by a valid judgment." As said by Mr. Justice Oliphant, speaking for the Supreme Court in *Gotkin v. Weinberg*, 2 *N. J.* 305, 308 (1949),

"Our scheme of compensation, set forth in article 2 of the act, *R. S.* 34:15–7 *et seq.*, enters by operation of law into every contract of hiring made in this state unless there be an affirmative rejection of the plan for the alternative common law liability for negligence as modified by the provisions of article 1 of the act. The declared public policy of article 2 precludes any other recovery or measure of compensation in cases governed by its terms."

The motion of the defendant, Grand City Container Corporation, for summary judgment will be granted.

I will sign an appropriate order.