**Robert J. O'SHEA, Plaintiff,**

v.

**CHRYSLER CORPORATION, a corporation of the State of Delaware, Defendant.**

**Civ. No. 669–59.**

United States District Court
D. New Jersey.
May 28, 1962.

Taylor, Bischoff, Neutze & Williams, by Burchard V. Martin, Camden, N. J., for plaintiff.

Schreiber, Lancaster & Demos, by Roger F. Lancaster, Newark, N. J., for defendant.

MADDEN, Chief Judge.

This is a motion by the defendant, Chrysler Corporation, to dismiss the complaint under Rules 12 and 56 of the Federal Rules of Civil Procedure, 28 U. S.C.A. § 2072, on the ground that the issues involved herein were previously determined in a prior action instituted in a State Court of New York and that the doctrine of res judicata applies to operate in bar of the present cause of action.

The plaintiff, Robert J. O'Shea, is a resident of the District of Columbia, the defendant, Chrysler Corporation, is a corporation of the State of Delaware, and jurisdiction of this Court is invoked on the basis of diversity of citizenship and jurisdictional amount under 28 U.S. C.A. § 1331.

The plaintiff commenced this action by the filing of a two count complaint seeking recovery for property damages and personal injuries sustained in a motor vehicle collision that occurred on November 16, 1958, on the New Jersey Turnpike in East Greenwick Township, New Jersey. The first count of the complaint alleges that the aforesaid collision was caused by the defective steering mechanism of the plaintiff's vehicle resulting from the negligence of the defendant in the design, manufacture, assembly and inspection of said vehicle, which vehicle the plaintiff purchased from a Dodge agency (not a party to this action) in Washington, D. C., on May 2, 1958, approximately six and one-half months prior to the collision. The second count is similar in allegations to the first count but in lieu of proceeding against the defendant on the theory of negligence, the plaintiff alleges the breach of certain express and implied warranties in regard to the sale of the vehicle to the plaintiff.

In support of the motion to dismiss, the defendant asserts that in the New York State Court action the plaintiff herein was sued as a co-defendant with Bausch & Lomb Optical Co., Inc. by the representatives of certain deceased and injured parties for the deaths and injuries resulting from the same afore-

mentioned collision,[1] and that in said action the plaintiff herein impleaded the defendant herein as a third party defendant alleging: (1) indemnification under common law on the theory of breach of warranty in that Chrysler Corporation warranted and represented the purchased vehicle was of merchantable quality, free from defects and was reasonably fit for the purpose for which it was intended, namely, for being operated and driven upon public highways; (2) indemnification under common law on the basis of Chrysler Corporation's active and affirmative conduct and negligence; and (3) contribution under the New Jersey Joint Tortfeasor Act, N.J.S.A. 2A:-53A–1.

The defendant then asserts that the New York State Court, on motion, dismissed on its merits the first and second counts of the third party complaint which were for indemnification and allowed the third count for contribution to stand, and that as a result of the verdict of the jury and the interrogatories submitted to the jury in determining the remaining issue of contribution, the jury returned a verdict in favor of Chrysler Corporation expressly answering "No." to the written interrogatory, "Was Chrysler negligent in the manufacture of the power steering mechanism, and did this negligence, if any, contribute in any manner to the accident?"

The defendant argues that the two counts of the present complaint are identical in legal concepts to the first two counts of the third party complaint filed against the defendant in the New York action; that the parties herein were in fact adversaries in the New York action having joined in issue by the filing of cross-pleadings; and that the dismissal by the court and verdict of the jury in the New York action operates as a bar to the present action under the doctrine of res judicata, whether the doctrine is applied under New York, New Jersey or Federal cases.

In argument against the motion and application of the doctrine of res judicata, the plaintiff draws a distinction between res judicata and the principle of collateral estoppel, emphasizing that the applicability of the former depends upon the existence and identity of the same cause of action while the latter does not. The plaintiff argues that in the prior action he sought merely common law indemnity on two counts and contribution on the third, whereas, in the present action, he seeks recovery for his own property damage and personal injuries, an assertion of rights of a distinct and separate nature. The plaintiff admits the identity of theories but distinguishes and emphasizes the assertion of separate causes of action and legal rights.

The plaintiff then argues that the principle of collateral estoppel which might preclude a redetermination of the issues of fact and law actually litigated in the prior action is also inapplicable. Briefly, the plaintiff asserts that the issues actually litigated in the prior New York action involved issues of characterization and choice-of-law [i. e., the determination of the legal nature of the action (ex contractu or ex delicto) and the place whose law is to be applied under the New York conflicts of law principles]. The plaintiff urges that such issues related to the conflicts of law principles of the State of New York and that this Court has before it distinctly different issues, namely, issues of characterization and choice-of-law *under the conflicts of laws principles of the State of New Jersey.* The plaintiff's position is based on the premise that issues of characterization and choice-of-law are issues to which collateral estoppel cannot apply so long as the second forum is a court of a different state from the first.

An examination of the pleadings and briefs submitted in the present action together with the copies of the third party complaint, excerpts from the transcript, and the judgment in the prior

---

1. Moore, et al. v. Bausch & Lomb Optical Co., Inc., et al. in the Supreme Court of the State of New York, County of New York, Index No. 8032/1959.

New York action reveals to the Court sufficient facts relating to the defense of res judicata so that it may render a determination on the present motion for summary judgment. 348 Bloomfield Avenue Corp. v. Montclair Mfg. Co., 90 F.Supp. 1020 (D.C.N.J., 1950).

First, the parties to the present action are indeed the same parties that were involved in the previous New York action. It is undoubtedly clear that in the previous action the plaintiff, O'Shea, who was a defendant in that litigation, by or through his then counsel, voluntarily impleaded the defendant, Chrysler Corporation, as a third party defendant therein, and it was only by his impleader that the defendant, Chrysler Corporation, became a party to that action. It is equally clear that in the prior action it was the plaintiff, O'Shea, who sought to litigate the issues regarding responsibility for the accident with the defendant, Chrysler Corporation, by the filing of the third party complaint which consequently precipitated responsive cross-pleading and issue to be joined between them.

■ Secondly, the very same issues presented herein were raised and joined between the parties in the prior proceedings albeit a third party action. In the present action the fundamental and controlling issues in determining whether the defendant, Chrysler Corporation, is liable to the plaintiff, O'Shea, for the latter's alleged personal injuries and property damage sustained in the accident of November 16, 1958, are: on the first count of the complaint, whether the defendant, Chrysler Corporation, was negligent in the design, manufacture, assembly and inspection of the steering mechanism of the plaintiff's vehicle and whether such negligence was the proximate cause of the accident; and on the second count of the complaint, whether said defendant breached certain alleged warranties arising out of the sale of the vehicle to the plaintiff in that the steering mechanism was allegedly defective. The general allegations set forth in the complaint in the present action are substantially the same as those contained in the third party complaint in the prior action, and the theories advanced by the plaintiff as grounds for recovery, namely, negligence in the manufacture of the plaintiff's vehicle and breach of warranty are, by the plaintiff's own admission, the same. It is a matter of record that as a result of the New York action the plaintiff's first and second causes of action against the defendant on the third party complaint (i. e., for indemnification on the theories of negligence and breach of warranty) were dismissed on the merits and that a judgment on the merits was rendered against the plaintiff on the third cause of action on the third party complaint (i. e., for contribution under the New Jersey Joint Tortfeasor's Act) with the specific finding by the jury that the defendant was not negligent in the manufacture of the power steering mechanism or that if there was such negligence that it did not contribute in any manner to the accident.[2]

2. "It is fundamental and universal that the former judgment proffered as res judicata in a subsequent suit must have been rendered in an action in which the parties to the subsequent suit were adverse parties. What is meant by adverse parties scarcely needs definition. Its significance is apparent from the expression itself. They must be opposite parties to an issue between them. The issue must be proffered by one and controverted by the other. They must be arrayed on opposite sides of the issue which must be raised by appropriate cross-pleadings between the defendant themselves, so that each may have control of the proceedings to enable him to exhaust the question of liability inter sese. It is not enough that they, by their separate answers, deny liability and claim that the accident was due to the negligence of the other, as such pleadings only goes to answering the claim of the plaintiff and tenders no issue to which the other defendant may demur or reply to or join issue upon so as to settle the liability one to the other. (citing cases)" Pearlman v. Truppo, 159 A. 623, 624, 10 N.J.Misc. 477 (Sup.Ct., 1932), at page 478. Also see Ohio Casualty Co. v. Gordon, 95 F.2d 605 (C.C.A., 10th, 1938) and Glaser v. Huette, 232 App.Div. 119, 249 N.Y.S. 374, (App.Div., 1931) aff. per cur., 256 N.Y. 686, 177 N.E. 193 (Ct.App., 1931).

The Court does not feel that it can subscribe to the plaintiff's argument that the issues actually litigated in the prior New York action were issues solely of characterization and choice-of-law to which collateral estoppel cannot apply so long as the second forum is a court of a different state from the first. The plaintiff does not cite any authority in support of this argument and the proposition does not appear to be sound.

It is, indeed, unfortunate for the plaintiff that he chose to litigate the issues of breach of warranty and negligence between the parties in the forum of New York where, under its conflicts of law principles, the law of Washington, D. C. is applicable and privity of contract is necessary to sustain the action. The plaintiff's attempt at recovery in the New York action on the breach of warranty and negligence issues resulted in a dismissal on the merits for lack of privity, and the attempt at recovery for contribution on the contributing negligence issue resulted in a jury verdict against him, exonerating the defendant from any negligence contributing to the accident. Having had those issues determined adversely to him he cannot now by the present action raise the same issues by asserting a different cause of action, for the issues have been adjudicated.

 It would, in the opinion of this Court, be unduly burdensome to allow a plaintiff to have a second "bite at the apple of discord" in a second jurisdiction which might permit recovery on a breach of warranty or negligence action without the existence of privity of contract. A second suit would militate against the policies giving rise to the doctrine of res judicata and the principle of collateral estoppel and enhance the needless multiplicity of litigation.[3] Of what value would a judgment be if in a second action in another jurisdiction a party is permitted to relitigate the same issues previously adjudicated with the prospect that a contrary judgment might be rendered on those issues? It is, of course, a matter of common knowledge that the various states have laws which if applied to the same facts would result in contrary decisions or judgments. However, "Full Faith and Credit" requires that a valid judgment of a court of competent jurisdiction be given full effect in another jurisdiction in a manner to render justice to the parties and avoid needless litigation.[4] Although it is true, as the plaintiff asserts, that what he sought in the New York action was indemnification and contribution for any damages which might be by judgment assessed against him in that action and that in the present action he seeks damages for his own personal injuries and property damage, nevertheless, he did choose to resolve by judicial determination in that third party action the same questions of breach of warranty and negligence which are presented in the present action. And even though it would appear that the proffered distinction in the nature of the right asserted by the plaintiff is the most significant difference between the prior and present action, this alone does not constitute the determining factor in stating separate causes of action as the plaintiff would have the Court hold. The proper test as to identity of causes of action is to inquire whether the same evidence that is necessary to maintain the second action would have been sufficient to support the first action.[5] This Court is of the opinion that the same evidence necessary to maintain the present action would have been sufficient to support the prior action, thus, indicating an

3. Angel v. Bullington, 330 U.S. 183, 67 S.Ct. 657, 91 L.Ed. 832 (1947).

4. U. S. v. Silliman, 167 F.2d 607 (C.C.A., 3rd, 1948) cert. den., 335 U.S. 825, 69 S.Ct. 48, 93 L.Ed. 379.

5. U. S. v. Pan-American Petroleum Co., 55 F.2d 753 (C.C.A., 9th, 1932); Smith v. Fischer Baking Co., 105 N.J.L. 567, 147 A. 455 (E.A., 1929); Pagan v. Kaufman, 22 N.J.Super. 425, 92 A.2d 134 (L.Div., 1952); Wirth v. Slinn, 158 A. 743, 10 N.J.Misc. 361 (Sup.Ct., 1931); Phillips v. Phillips, 118 N.J.Eq. 189, 178 A. 265, rev. in part 119 N.J.Eq. 462, 183 A. 220, aff. in part, 119 N.J.Eq. 497, 183 A. 222.

identity of causes of action and an appropriate instance for the application of the doctrine of res judicata. However, regardless of whether there is an identity of causes of action and hence whether the principle of res judicata or collateral estoppel applies, the issues now sought to be litigated have once been litigated and determined between the parties before a court of competent jurisdiction, and this is sufficient under either theory to raise a bar to the plaintiff's present action. Russell v. Tenafly Bd. of Adjustment, 53 N.J.Super. 539, 148 A.2d 78 (A.D.1959); Mazzilli v. Accident & Casualty Ins. Co., etc., 26 N.J. 307, 139 A.2d 741 (1958); Cramer v. Roberts, 19 N.J.Super. 1, 87 A.2d 764 (Ch., 1952); Hudson Transit Corp. v. Antonucci, 137 N.J.L. 704, 61 A. 2d 180, 4 A.L.R.2d 1374 (E. & A., 1948); U. S. v. Munsingwear, 340 U.S. 36, 71 S. Ct. 104, 95 L.Ed. 36 (1950).

In light of the foregoing, the motion for summary judgment will be granted and counsel for the defendant will prepare an appropriate order.