LENA S. APFELBAUM, complainant-appellant,

*v.*

MURRAY APFELBAUM, defendant-respondent.

[Submitted May 27th, 1932. Decided October 17th, 1932.]

*Mr. Richard J. Fitzmaurice,* for the appellant.

*Mr. Israel B. Greene,* for the respondent.

PER CURIAM.

The bill is for specific performance of an agreement to pay $40 a week alimony of complainant and child, and provide $5,000 life insurance, made in 1926 long after a final decree of divorce. Complainant obtained an absolute divorce in 1915 in the court of chancery with an award of $15 per week permanent alimony for self and child. The bill says that she was about to apply to the court for an increase, and that the "agreement was proposed by defendant for the purpose of ending disputes and litigation concerning the amount of alimony for all time." That complainant has not applied for an increase but that defendant has reduced the weekly payments to $25 (and as stated in brief to $15).

The vice-chancellor, in a short unreported memorandum, held that the court of chancery would not undertake to enforce the insurance clause in the agreement, for the obvious reason that it necessarily involved favorable action by an insurance company; and appellant concedes the correctness of that ruling. He further held that equity would not enforce the alimony clause because that was enforceable at law, and dismissed the bill.

We think he was right in so doing. Whether he was also right in saying that the agreement was enforceable at law, raises a point not necessary to his decision, as we view the matter, and on which we prefer not to pass at this time.

Apart from the insurance feature, which may properly be disregarded, the contract of which specific performance is sought was in its essence a contract to pay alimony; and our decisions hold uniformly that alimony is a subject specifically committed to the court of chancery and arising from the present or past status of the parties as husband and wife.

The jurisdiction not only exists while that relation persists, but by the express language of the Divorce act (*Comp. Stat. p. 2035 § 25*), continues after decree of divorce; and it necessarily includes the power, in cases where the wife is entitled to alimony, to regulate the amount of such alimony from time to time, to supervise agreements between the parties in that regard, to enforce them if deemed just, and to decline to recognize them otherwise. *Calame* v. *Calame, 25 N. J. Eq. 548.* But these powers grow out of the existing or pre-existing marital status, and are not controlled by the rules of specific performance of contracts. The bill in this case being framed as a bill for specific performance, was properly dismissed as such, and the decree will accordingly be affirmed, but without prejudice to an application for suitable alimony, on which application the wife may legitimately ask the court to recognize the agreement as a basis for its award, and the court will recognize it or not as it thinks proper.

*For affirmance*—THE CHANCELLOR, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, BROGAN, VAN BUSKIRK, KAYS, DEAR, WELLS, KERNEY, JJ. 13.

*For reversal*—None.