# BARRACLOUGH v. BARRACLOUGH.

No. 6275.   Decided April 2, 1941.   (111 P. 2d 792.)

*Duncan & Duncan,* of Salt Lake City, for appellant.

Respondent not represented by attorney.

PER CURIAM.

The sole question raised by this appeal is whether the trial court erred in refusing to modify a decree as to the amount of money to be paid appellant in granting her a divorce from respondent.

The record reveals that at the time appellant was seeking a divorce from respondent the parties entered into a written "stipulation" whereby it was agreed that in the event a divorce was granted to the plaintiff, Abbie L. Barraclough, appellant herein, "the decree shall provide that the defendant pay to the plaintiff, as temporary and permanent alimony, the sum of seventy five dollars each month for six months, and from this amount all sums paid as costs and attorneys fees shall be deducted." In granting a divorce to plaintiff, the court found that she had consented to accept $450 "as alimony herein" payable in monthly installments of $75 and decreed that

"plaintiff be and she is hereby awarded and the defendant is hereby required to pay to her the sum of Four Hundred and Fifty Dollars, as alimony herein, as follows: $75.00 on or before the first day of June, 1939, and $75.00 on or before the first day of each and every month thereafter until the said sum of $450.00 shall have been paid in full; provided that all amounts paid on said award during the pendency of this action shall be credited thereon."

Subsequent to the decree appellant secured citations from the court ordering respondent to show cause why he should not be held in contempt of court for failing to make the monthly payment of "alimony" as provided in the decree.

Approximately five months after the interlocutory decree of divorce was entered appellant petitioned the lower court to modify the decree as to "alimony" which petition the court denied after a hearing thereon. The court determined that the "stipulation" agreed to by the respective parties constituted "a lump sum, complete and final settlement of all alimony between the parties, and that such settlement has become a final judgment as to alimony in said cause, insofar as a petition to modify is concerned."

Appellant contends that the trial court was in error in ruling that the stipulation was a "complete and final settlement" so as to preclude the court from modifying the order based on such stipulation.

The general rule in many jurisdictions is that where the parties enter into an agreement for a complete settlement of all property rights in case a divorce is granted, which agreement is approved by the court, neither party can thereafter come into court to have the agreement modified. For cases holding to this effect, as well as contra, see annotations in 58 A. L. R. 639 and 109 A. L. R. 1068. However, the law with respect to property settlements not being applicable to situations where alimony is involved, we need not enter into a discussion of the above rule, since we conclude that the "stipulation" the substance of which was incorporated by the court in its decree, was not a property settlement but an agreement as to what "alimony"

the court might award appellant in case a divorce was granted. It did not constitute a settlement of property rights between the parties. The agreement was just what it said it was, to wit: a "stipulation" as to what appellant was willing the court should award her as alimony. And the decree was so treated as an award of alimony by both parties and the court. On two different occasions appellant sought the assistance of the court in compelling respondent to abide by its terms or be punished for contempt. The court willingly exercised its contempt power to enforce the decree; and respondent made no objection to such procedure on the ground that the decree sought to be enforced was not one for alimony.

Therefore, the trial court erred in determining that the agreement here constituted a "complete and final settlement of all alimony between the parties, and that such settlement has become a final judgment as to alimony * * * insofar as a petition to modify is concerned." In a divorce action the trial court should make such provision for alimony as the present circumstances of the parties warrant, and any stipulation of the parties in respect thereto serves only as a recommendation to the court. If the court adopts the suggestion of the parties it does not thereby lose the right to make such modification or change thereafter as may be requested by either party based on some change in circumstances warranting such modification. And where an appeal is taken from the judgment of the trial court in such case we will review the record to determine whether or not the applicant is entitled to the relief sought in the petition to modify the alimony decree. *Hampton* v. *Hampton,* 86 Utah 570, 47 P. 2d 419; *Openshaw* v. *Openshaw,* 80 Utah 9, 12 P. 2d 364.

In order for appellant to be entitled to a modification of the divorce decree, as to alimony, she must allege and prove some change in circumstances on the part of either herself or the party required to pay the alimony justifying the court in modifying its decree. *Hampton* v. *Hampton,* supra; *Smith* v. *Smith,* 334 Ill. 370, 166 N. E. 85;

*Plotke* v. *Plotke,* 177 Ill. App. 344; *Joachim* v. *Joachim,* 267 Ill. App. 237; *Langrall* v. *Langrall,* 145 Md. 340, 125 A. 695, 37 A. L. R. 437; *Williams* v. *Williams,* 119 Neb. 8, 226 N. W. 798; *Canary* v. *Canary,* 89 Colo. 483, 3 P. 2d 802. In *Hampton* v. *Hampton,* supra, [86 Utah 570, 47 P. 2d 420] this court held:

"It is well settled in this court that in order to secure a change in a degree for alimony the moving party must allege and prove changed conditions arising since the entry of the decree which require, under rules of equity and justice, a change in the decree. *Chaffee* v. *Chaffee,* 63 Utah 261, 225 P. 76; *Rockwood* v. *Rockwood,* 65 Utah 261, 236 P. 457."

And in the Langrall case, [145 Md. 340, 125 A. 697, 37 A. L. R. 437], the court used this language:

"The amount of the alimony having been fixed by a formal decree of the court, in accordance with a definite agreement of the parties, a change in that determination should not be made except for clearly sufficient reasons. Our inquiry is not directed to a review of the original award, but is solely concerned with any difference between the present circumstances of the parties and those which existed when the decree for alimony was passed. It is said in 1 R. C. L. 948, that, upon an application to have a decree for alimony modified, 'ordinarily, in the absence of fraud in its procurement, the only inquiry is whether sufficient cause has intervened since the decree to authorize or require the court, applying equitable rules and principles, to change the allowance.' "

In *Joachim* v. *Joachim,* supra, it was held:

" 'It is the settled construction of section 18 that it authorizes the change of a decree for alimony based only upon a changed condition or betterment of property qualifications after the decree to meet additional needs of one entitled to alimony arising after the decree. This is the only ground justifying or authorizing a re-adjustment of alimony by supplemental decree. (*Cole* v. *Cole,* 142 Ill. 19 [31 N. E. 109, 19 L. R. A. 811, 34 Am. St. Rep. 56]; *Herrick* v. *Herrick,* 319 [Ill.] 146 [149 N. E. 820].) The criterion is not whether the decree was right when entered, because all presumptions are in its favor, but the question is, Has the necessity of the petitioner changed since the rendition of the decree, and has the ability of the husband to contribute to it also changed? (*Craig* v. *Craig,* 163 Ill. 176 [145 N. E.

153].) The first decree is res judicata as to previous conditions authorizing alimony in the decree. (*Cole* v. *Cole*, supra.)'"

The petition asks the court to modify the decree as to alimony itself and prays that a citation of the court issue requiring the respondent to appear and show cause why such modification should not be made.

It further states that the motion "is based and will be presented" on the records before the court and "upon the matters set forth in the affidavit of plaintiff * * * and * * * supported by oral evidence to be adduced at the hearing." The only ground for relief set out in the accompanying affidavit is that the "stipulation" entered into by the respective parties pending the trial of the divorce action was a result of the threats of respondent that he would pay her nothing and would leave the state unless she signed the agreement to take $450.00 as alimony. This is the sole ground alleged as a basis for relief and it was the sole issue involved at the hearing.

From the evidence adduced the trial court found that at the time the agreement was signed appellant "was acting of her own initiative, free will and without interference, duress or undue influence from the defendant." The court further found, and the record reveals, that the "stipulation" "was prepared by plaintiff's counsel" as were the finding of fact, conclusions of law, and decree in the divorce action; that plaintiff had ample opportunity at the time of obtaining her divorce (which was done in the absence of respondent or his attorney) to repudiate the stipulation if the same had been obtained against her will by threats; that instead she chose, through her attorney, to have the substance of the stipulation incorporated in the decree.

The record clearly supports the findings of the trial court in this respect. In the case of *Williams* v. *Williams*, supra [119 Neb. 8, 226 N. W. 799], the appellant moved to have the decree for alimony reduced. The court stated in its opinion:

"The principal ground for modification urged by the appellant in his petition in the district court and in his brief filed in this court is that a fraud was practiced upon him by Mr. Horan, the plaintiff's attorney, and he alleges that he protested to said Horan against such large payments each month, continuing over an indefinite period and terminating only upon plaintiff's death or her remarriage, and that said Horan advised him that if he did not consent to such a provision the court would in its divorce decree require him to pay a sum of money as permanent alimony, the income of which would approximate the sum of $250 a month, which said sum this petitioner could not pay, and that, acting upon this advice, he signed the contract above referred to."

The Supreme Court then affirmed the trial court in finding "from a careful reading of the record, that there was no fraud practiced upon the defendant by the plaintiff's former attorney."

There being no other ground alleged or proved, as a basis for modifying the decree as to alimony, the trial court properly denied the motion to modify. It follows that the judgment of the lower court should be, and is hereby, affirmed. Since respondent has filed no brief on appeal and has made no appearance through his attorney, it does not appear that he has been subjected to any costs by this appeal. If, however, it should be that allowable costs have been incurred, he is entitled to be reimbursed for the same from appellant.