# TREMAYNE v. TREMAYNE.

No. 7348.   Decided November 18, 1949.   (211 P. 2d 452.)

See 27 C. J. S., sec. 295. Earning capacity of husband as affecting alimony amount, see note, 139 A. L. R. 207. See, also, 17 Am. Jur. 468.

*D. H. Oliver,* Salt Lake City, for appellant.

*Clyde, Mecham & White,* Salt Lake City, for respondent.

WADE, Justice.

Defendant appeals from the judgment of the district court dividing the property of the parties between them in a divorce action, wherein plaintiff, respondent herein, was awarded a divorce but he does not appeal from that part of the judgment. She cross-appeals from the part of the judgment which divides the property. Each claims that such division is unjust and inequitable.

They were married December 19, 1941, at that time both were living at Rupert, Idaho. He was 23 years old, had three years of normal college credits and was teaching school. She was a high school student, 18 years old, who lacked only a few credits for graduation, which she later made up. The attack on Pearl Harbor and America's entrance into the war were very recent events and defendant immediately joined the Navy and they moved to California where they both took jobs until he was called into active service about three months later. He remained in the Navy until October 11, 1945, spent 7 months overseas and the rest of that time he was stationed in the United States and they lived together. On account of his transfers she was required to move 16 times during his service period. Except

for the necessary time of moving, she was gainfully employed.

While in the service he made an allotment to her of $75 per month and with the additional savings from both of their pay checks they set as a goal to save $200 per month. When he was discharged they had accumulated a joint savings of $5,000.00. Eight hundred dollars thereof was invested in a car. They returned to Idaho where during the next school year he taught school and she obtained other employment at Mountain Home, Idaho. Commencing with the fall term of 1946 they both attended the Utah State Agricultural College, living from his G. I. Bill of Rights allowance supplemented by withdrawals from their savings and money he earned from occasional jobs. They spent the summer of 1947 at Berkeley, California, where he attended the University of California for one semester and she worked at the Bank of America, and in the fall they came to Salt Lake City where he attended the University of Utah for four quarters or a full year, and she first worked for a local bank then for the University of Utah where she was still employed at the time of the trial on February 16, 1949. While he was attending the University of Utah she took some dancing lessons and has earned about enough to pay for them from employment as a professional dancer in entertainments put on at the University Stadium.

While he was in school, both at Berkeley and at the University of Utah, they have lived from his G. I. Bill of Rights money and her earnings supplemented by his occasional earnings from odd jobs and withdrawals from their savings. Throughout their married life in addition to working or going to school she has taken care of the home and all of their money has been pooled into a joint fund. As a result of his schooling his earning capacity has been substantially increased but except from her added experience as an office girl and typist, hers has not. There are no children and each of the parties is capable of earning a living. The court

found that they had accumulated property of a value of $2057.00 which it divided between them.

She was awarded $1176.00 worth of property and in addition thereto he was ordered to pay her in monthly installments $475.00, making a total award to her of $1651.00. He was awarded $881.00 worth of property but has to pay to her $475.00. So the substance of this decree when and if he pays the $475.00, if treated as both sides argued it as a mere division of the property, is to give her $1651.00 worth of property and him $406.00 worth of property. In other words, she was awarded approximately four fifths and he was awarded approximately one fifth of the property. The court rejected this theory and by the decree expressly awarded the $475.00 as alimony. He contends that an equitable distribution of this property would be an equal division between them. She contends that since through the period of their married life both of them have saved their money to make his education possible with the hope of increasing his earning capacity, which as long as they remained married to each other both would enjoy the benefits thereof, and since the court has found that the divorce has resulted from his wrongful actions and she has thereby been deprived of participating in the enjoyment of his increased earnings, she is therefore entitled to all the property and in addition to receive from him the sum of $475.00.

Under Sec. 40-3-5, U. C. A. 1943, where a divorce is granted the court may make such order in relation to the property as may be equitable. The matter is in the discretion of the trial court which will not be disturbed unless the court abuses its discretion. The facts in each divorce case are different and each must be determined on what is equitable to the parties under the facts of the case. See *Lundgreen* v. *Lundgreen*, 112 Utah 31, 184 P. 2d 670; *Woolley* v. *Woolley*, 113 Utah 391, 195 P. 2d 743; *Allen* v. *Allen*, 109 Utah 99, 165 P. 2d 872; *Anderson* v. *Anderson*, 104 Utah 104, 138 P. 2d 252.

Through schooling appellant's earning capacity has been substantially increased during the marriage period and respondent's earning capacity has not been proportionately increased during that time. To make this schooling and their savings possible she has worked practically ■ throughout their married life. Without her working the bulk of the property which they have would not have been accumulated, and he probably could not have accumulated it had he been single and had he followed the same course which he did. How far either one would have gone without the other is largely a matter of conjecture. The facts and circumstances amply justified the court in dividing the property as it did even if treated as a division of the property but does not require that she be awarded a larger portion thereof. The court acted well within its discretion and we will not disturb its decision thereon. ·

In settling their property rights the court took into account the defendant's terminal leave bond and since the defendant desired to have most of the property awarded to him the court ordered the defendant to cash that bond and pay to her the value thereof or to pay plaintiff the ■ equivalent thereof in cash. Under threat of punishment for contempt the defendant paid into court the equivalent of the bond in cash. He contends that the court exceeded its authority in this matter since section 36 of Title 37 United States Code Annotated exempts such bonds from assignment, legal process or taxation. That section does not prevent the court from taking into consideration such a bond in determining a division of the property in an action of this kind nor does it prevent the court from enforcing its judgment by personal coercion as was done here.

Other points are argued on both sides but after considering them we do not think they require any comment. The judgment of the trial court is affirmed and respondent shall recover her costs.

WOLFE, LATIMER and McDONOUGH, JJ., concur.

PRATT, C. J., concurs in the result.