261 P.2d 944

### CALLISTER v. CALLISTER.

No. 7967.

Supreme Court of Utah.
Oct. 16, 1953.

James W. Beless, Jr., Gustin, Richards & Mattsson, Salt Lake City, for appellant.

Nielson & Conder, Salt Lake City, for respondent.

HOYT, District Judge.

This appeal involves first the question of power of the court to modify provisions of a divorce decree which required defendant (respondent here) to make monthly payments to plaintiff throughout her life or until her remarriage. In 1945 plaintiff (appellant) commenced suit for divorce and prayed for division of property and for alimony. During the pendency of the proceedings an "Agreement of Property Settlement and Alimony" was entered into and executed by the parties. In addition to provisions for division between the parties of real and personal property of considerable value the agreement contained the following:

"That the second party (respondent) agrees to pay to the first party (appellant) alimony in the sum of $400.00 per month during the life of the first party or until her remarriage.

"Sixth. This agreement and conveyance is mutually intended to be, and the same is hereby expressly made and intended by each of the parties hereto as a mutual release, relinquishment and conveyance of all the right, title and interest that may now be or shall hereafter be, during the lifetime or at the

death of either of the parties hereto, acquired by the other by virtue of said marriage that now subsists between the parties hereto under the laws of the State of Utah, in and to all of the property, both personal and real, of the other party, except to the extent of the moneys to be paid by the second party to the first party as alimony and support money; and it is the intention of the parties hereto to mutually release and waive all provisions of the laws of the State of Utah relating to husband and wife as to dower or the interests of the wife in the real property, homestead rights, etc., and forever bar each other respectively from rights of succession or inheritance by reason of the marriage relation existing between them.

"Seventh. Second party hereby agrees to pay all attorneys' fees, costs, and expenses in any manner incurred by first party in the enforcement of this contract, or by reason of any controversy arising therefrom."

The plaintiff was granted a divorce, custody of a minor child, and judgment for division of property in accordance with the terms of the agreement mentioned. A copy of the agreement was attached to the court's findings and by reference incorporated as a part of the findings. The decree entered in the case contained the following recitals:

"That plaintiff be and she is hereby awarded judgment against the defendant for alimony in the sum of $400 per month during the life of the plaintiff or until her remarriage, and for support money in the amount of $50 per month for the support of the minor child until said child becomes eighteen years of age. * * *

"That the agreement of property settlement and alimony dated July 28, 1945, heretofore entered into by and between the parties be and the same is hereby approved by the court and the same is hereby ordered to be binding upon the parties."

In July 1952 the defendant filed a motion to amend the judgment with respect to the monthly payments, and asked the court to reduce the amount from $400 to $200 per month, alleging as grounds therefor that defendant's income had been materially reduced and his health impaired since the rendition of the decree. Plaintiff filed an amended answer denying the defendant's allegations. The original answer is not shown as a part of the record on appeal. Trial of issues was had and the court found that since the rendition of the decree the defendant's income from his practice as a physician and surgeon had decreased from $1,000 per month to $600 per month; that he had remarried and had a wife and child to support; that since 1949 he had suffered from heart trouble which had become progressively worse, making it

necessary for him to abstain from activities producing physical or mental strain, thereby reducing his income from his profession; also that plaintiff had income from rentals in excess of $4,500 per year besides some income from investments in stocks. The court concluded that monthly payments required of defendant to plaintiff should be reduced from $400 per month to $250 per month, also that defendant should not be required to pay plaintiff's attorney fees in the proceeding. Judgment was entered accordingly. Defendant appeals and asserts (1) that the judgment requiring monthly payments is not subject to modification; that it was based upon an agreement for property settlement and that the payments required do not fall within the accepted definition of alimony; (2) that the evidence does not support the findings of the court relative to change of circumstances upon which the judgment is based; (3) that voluntary impoverishment is not ground for modification of the decree; (4) that the court erred in not allowing plaintiff her attorney fees.

Our statute Sec. 30-3-5, U.C.A.1953, provides that:

"When a decree of divorce is made the court may make such orders in relation to the children, property and parties, and the maintenance of the parties and children, as may be equitable * * *. Such subsequent changes or new orders may be made by the court with respect to the disposal of the children or the distribution of property as shall be reasonable and proper."

This court has interpreted the statute to authorize the courts to increase or decrease alimony payments upon a showing of substantial change of circumstances. Buzzo v. Buzzo, 45 Utah 625, 148 P. 362.

It is generally held that under such a statute the court can modify a decree for alimony regardless of whether the decree was based upon an agreement of the parties. See annotations in 58 A.L.R. 639; 109 A.L.R. 1068; 166 A.L.R. 675.

This court has held that, by reason of the statute, an agreement or stipulation between parties to a divorce suit as to alimony or payments for support of children is not binding upon the court in entering a divorce decree, but serves only as a recommendation, and if the court adopts the suggestion of the parties it does not thereby lose the right to make such modification or change thereafter as may be requested by either party, based upon change of circumstances warranting such modification. Jones v. Jones, 104 Utah 275, 139 P.2d 222; Barraclough v. Barraclough, 100 Utah 196, 111 P.2d 792.

Counsel for plaintiff contends however that in the above cases there was not involved a property settlement agreement such as here and that this case must therefore be distinguished and should be governed by the doctrine announced in Dickey v. Dickey,

154 Md. 675, 141 A. 387, 58 A.L.R. 634, and North v. North, 339 Mo. 1226, 100 S.W.2d 582, 109 A.L.R. 1061. Plaintiff also cites Ettlinger v. Ettlinger, 3 Cal.2d 172, 44 P.2d 540; Puckett v. Puckett, 21 Cal.2d 833, 136 P.2d 1; and Rich v. Rich, 44 Cal. App.2d 526, 112 P.2d 780. Counsel contends that in these cases it is held that where there has been a property settlement agreement, coupled with an agreement for monthly payments, and the court has approved of such agreement and adopted it in the divorce decree, the provision for monthly payments is an inseparable part of the property settlement and therefore may not be subsequently modified except by consent of both parties.

It is noted that in Dickey v. Dickey, supra, the Supreme Court of Maryland held that where both the agreement and the decree provided for monthly payments *during the life or until the remarriage of the wife*, such payments could not be considered to be alimony, and therefore the court did not have jurisdiction either to modify the decree or to enforce the payments of contempt proceedings. This was based upon the view that the court in the divorce action did not have power, in the absence of agreement by the parties, to grant a judgment requiring payment of alimony *after the death of the husband*, and having granted judgment based upon the contract of the parties, which *might require payments after the husband's death,* such payments could not be considered alimony.

This view is opposed to the majority of appellate decisions as appears from annotations in 18 A.L.R. 1047, 1050, and 101 A.L.R. 324, 326, and is not in harmony with views of this court as announced in Murphy v. Moyle, 17 Utah 113, 53 P. 1010, 1012, 70 Am.St.Rep. 767. The Utah statute at the time of that decision was substantially the same as now. The court said:

"This statute is broad and comprehensive. Under it the court has power to make such a decree as the circumstances may warrant, and doubtless, if there is danger of the father squandering the estate, or if, from hostility or other cause he is likely to refuse maintenance to his wife, or support to his children awarded to her, and thus leave the children to be supported by the mother without aid from his estate, the court may make such order, respecting the property and the support and maintenance of the wife and children, as is just and equitable, and such order or decree may be made to continue in force after his decease; and the court may afterwards, if occasion shall require it, make such change in any decree as 'will be conducive to the best interests of all parties concerned.' * * * it is the solemn duty of every husband and father to support his wife during life, and his children during their minority, suitably to their station in life, and, if he fail to do so, every

principle of justice demands that they be thus supported out of his estate."

It is true that in that case the claim made against the deceased husband's estate was for support of a minor child, but the opinion expressed as to the power of the court under the statute to award alimony to continue after the death of the husband appears to be supported by the weight of judicial authority.

In North v. North, supra, the Supreme Court of Missouri held that in a divorce proceeding the court had no power to enter judgment calling for payments after the death of the husband, except pursuant to consent or agreement and that where a contract had been entered into for a division of property and for payment of $500 per month until the death or remarriage of the wife, with a note and trust deed given to secure performance, and where the divorce decree approved the contract and incorporated its terms in the judgment, the court had no jurisdiction to subsequently reduce the monthly payments, regardless of the fact that they were referred to in the decree as alimony. It should be noted however that in that case a note and trust deed had been given to secure payment of the installments of so-called alimony and the agreement expressly recited that in consideration of the provisions made for her, the wife agreed to release the husband from any further obligation to pay alimony or to support and maintain her. Under such an agreement and decree it would be unreasonable to reduce the payments ordered to be made. But insofar as the decision might be considered authority for the doctrine that the court has not jurisdiction to modify an award of alimony in a case where there has been a property settlement, we are not inclined to follow it.

In the California cases cited by plaintiff, it appears that the contract provisions relative to installment payments were found to be an integral element in the settlement of property rights, and that this was the basis for the holdings that the court could not subsequently modify the decree. In Ettlinger v. Ettlinger, the opinion recites:

"The agreement indicates that the monthly payments to be made thereunder by defendant to plaintiff, stated to be for the latter's 'support and maintenance,' constituted an integral and important element in the amicable adjustment and liquidation of such property rights. In our opinion, the contract suggests that such payments were to be made to and received by plaintiff as part of the property settlement and in lieu *of property rights* (emphasis added). This would appear to have been recognized in both the interlocutory and final decrees of divorce, for each provides that 'neither the making of this decree nor anything herein contained shall in any manner modify, restrict, affect or prejudice the provisions or any of them, of said agreement here-

'inabove mentioned * * * which agreement * * * shall remain in full force and effect.'" [3 Cal.2d 172, 44 P.2d 543.]

·A subsequent opinion by the Supreme Court of California, Hough v. Hough, 26 Cal.2d 605, 160 P.2d 15, 18, clarifies and appears to set at rest the law of California relative to the issue here under discussion. It quotes with approval the following from 39 Michigan Law Review 128:

"Assuming that the court has power by statute to modify a decree not based on contract, it would seem that in the view of most courts there is no sufficient reason to take the decree based on contract out of the operation of the statute as to the alimony provisions. That the interest of the state in the marital status and the dissolution thereof is sufficient reason to support such a view hardly seems to require demonstration. * * * The obligation to pay alimony or support money to a divorced wife is one peculiarly justified by considerations of social desirability and generally prescribed as a consequence to dissolution of the marital relation. Being a continuing obligation, and being subject to scrutiny of the courts as to fairness and adequacy at its inception, it should so remain and the contract of the parties should not be allowed to oust the court of power otherwise exercisable."

The court then says:

"This does not mean that payments under property settlement agreements may be modified even though incorporated in the decree. They may not. (Citing cases.) But in such a situation there is not the same underlying policy. The settlement of property rights should be final in order to secure stability of titles. Support allowances on the other hand should be subject to the discretion of the court as justice may require. * * * It has been loosely stated generally in passing that the divorce court has no jurisdiction to modify a decree based upon a property settlement agreement. (Citing cases, including Ettlinger v. Ettlinger, supra.) However, that does not mean that the court does not have jurisdiction on an application for modification to decide correctly or incorrectly whether the decree is based upon a property settlement agreement, and is not subject to modification, or is based upon alimony or support allowance covenants, and is subject to modification."

 In the case before us the agreement provided for division of property to each of the parties which so far as shown appears to have been of approximately equal value. The language of the paragraph relating to monthly payments to the plaintiff clearly shows that it was intended to be for support of the plaintiff. It is expressly referred to as "alimony." The para-

graph begins with the statement that "the second party agrees to pay to first party alimony in the sum of $400 per month during the life of the first party." It ends with the statement "The alimony and support money payments herein mentioned shall be paid to first party on or before the 5th day of each and every month." There is no statement anywhere in the agreement that the monthly payments constituted payment for plaintiff's interest in property decreed to defendant. In paragraph Sixth of the agreement, hereinabove quoted, the payments to be made to plaintiff are again referred to as "alimony." In view of these facts we hold that the payments must be considered alimony for support of plaintiff. We further hold that these provisions are not an inseparable part of the agreement relating to division of property and that by approval of the agreement in the decree the court did not divest itself of jurisdiction under the statute to make such subsequent changes and orders with respect to alimony payments as might be reasonable and proper, based upon change of circumstances. We hold this to be true even though the provisions of the agreement should be interpreted to mean that the parties intended to stipulate for a fixed and unalterable amount of monthly alimony. The object and purpose of the statute is to give the courts power to enforce, after divorce, the duty of support which exists between a husband and wife or parent and child. Legislators who enacted the law were probably aware of a fact, which is a matter of common knowledge to trial courts, that parties to divorce suits frequently enter into agreements relative to alimony or for child support which, if binding upon the courts, would leave children or divorced wives inadequately provided for. It is therefore reasonable to assume that the law was intended to give courts power to disregard the stipulations or agreements of the parties in the first instance and enter judgment for such alimony or child support as appears reasonable, and to thereafter modify such judgments when change of circumstances justifies it, regardless of attempts of the parties to control the matter by contract. Under the authorities herein cited such a view seems to be generally if not universally adhered to by the courts. If it were held otherwise in this case, in which a husband asks for reduction of alimony, it would establish a precedent which in future cases might prevent divorced wives in serious distress from obtaining increased alimony from ex-husbands possessed of wealth or ample income to provide for them. We hold that the trial court had power and jurisdiction to modify the decree of divorce with respect to the payments involved herein.

Plaintiff's next contention, that the evidence does not support the trial court's findings, nor its conclusions of law and judgment, makes it necessary for us to review the evidence since this is an equity case. Clawson v. Wallace, 16 Utah 300, 52 P. 9; Utah Const. Art. 8, Sec. 9. However,

42

there is little or no dispute between the parties as to the evidence. The testimony of witnesses is also substantially without conflict. The trial court found that the income of the defendant from his profession as a physician and surgeon at the time of the divorce was approximately $1,000 per month and that at the time of the proceedings for modification it had decreased to approximately $600 per month. Counsel for plaintiff contends that the decrease in income "is directly attributable to the luxury of a clinic which the defendant persists in maintaining" and it is asserted that voluntary impoverishment is not a ground for reduction of alimony. With the latter statement we agree, but we cannot say that the circumstances shown by the evidence as to maintenance of the clinic by defendant amounts to voluntary impoverishment. It may not have proved a profitable venture, but we cannot say that that could have been foreseen with any degree of certainty. We believe from a reading of the transcript and exhibits that the findings of the trial court are approximately correct as to the income of the defendant from his profession at the time of the decree and at the time of the order for modification. His income from other sources appears to have been approximately $7,000 per year at the time of the divorce, and almost entirely from stocks and bonds which were then divided approximately equally between plaintiff and defendant. Defendant's income from sources other than his profession during the year 1951 appears to have been $3,243.11 and in 1950, $3,250.62. The evidence shows that the defendant was fifty-eight years of age at time of proceedings for modification, that between April 1949 and November 1952 he had three examinations by a recognized heart specialist; that such examinations showed a developing abnormality of the heart, indicating coronary disease, and that the specialist had advised defendant to reduce his activities and avoid strain and exhaustion. We believe the evidence justified a finding that defendant's health has become impaired to some extent and that this condition will probably result in reducing defendant's income. We also believe that the evidence shows that plaintiff has a sufficient income from property owned by her to justify the court's ruling that defendant should not be required to pay her attorney fees and costs in these proceedings.

The judgment of the trial court will be affirmed. Each party to bear his or her own costs.

WOLFE, C. J., and McDONOUGH and WADE, JJ., concur.

CROCKETT, J., having disqualified himself, does not participate herein.

HENRIOD, Justice, does not participate herein.