276 P.2d 917

Blanche Zollinger MADSEN, Appellant,

v.

Delbert Murray MADSEN, Respondent.

No. 8151.

Supreme Court of Utah.

Nov. 30, 1954.

Perry & Perry, Logan, for appellant.

C. Preston Allen, Woodrow D. White, Salt Lake City, for respondent.

HENRIOD, Justice.

Appeal from those portions of a divorce decree which award property in lieu of alimony and the right of visitation with the children. Affirmed in part, reversed in part and remanded, with instructions. No costs awarded.

The parties married on July 22, 1949, and had 2 children during the 2½ years they lived together. On January 5, 1952, plaintiff filed for divorce. A third child was born to the parties shortly thereafter. The case dragged on through a number of hearings until December 1953, nearly 2 years later, when a decree was entered awarding plaintiff a divorce, $25 per month support money for each child, custody of the children, subject to a right of visitation 3 times each month for 12 hours, and once a month for 2 days, with those children who had attained the age of 36 months, defendant being allowed to take them from plaintiff's presence during such periods, and a one-half interest in a

parcel of property owned by defendant. During the protracted litigation, the parties and their counsel had stipulated that it would be agreeable if the court awarded $1,000 *cash* in lieu of alimony, payable in 6 months, and $30 per month as support money for each child. Such stipulation apparently lulled plaintiff into a false sense of security, sufficient to impel her to not proffer any evidence as to her ability to and need for support of the children. In so assuming she erred, since the trial court, in divorce matters, where the state is an interested party, need not abide, necessarily, with the terms of the litigants' stipulations,[1] although such stipulations should be respected and great weight given thereto. Plaintiff's only complaint in this respect, would be, not that the court was duty bound and erroneously refused to carry out the terms agreed upon, but that it abused its discretion by entering an inequitable decree,[2] a matter we must determine on review. Unless there is a clear abuse of discretion, we cannot disturb the trial court on such matters, and we believe that the $25 per month awarded instead of the stipulated $30, and the one-half interest in about 50 acres of land instead of the agreed $1,000 cash, *under the facts of this case*, whose voluminous record cannot be detailed here, but where, however, there is evidence to show considerable self-sufficiency on the part of plaintiff, and a

physical ailment on the part of defendant, which was at least a threat to his earning capacity, was not such an abuse of discretion contemplated by the authorities as to warrant reversal.

■■ As to the award of visiting rights to the defendant, we are faced with a decidedly different problem—a shifting around which might affect the physical, moral and social welfare of 3 tots of tender years, even more than a defendant's failure to pay support money. There is no evidence in the record that shows any lack of affection by either spouse and none to show that the defendant would harm, or that the children's welfare would be impaired, by the carrying out of the quite unusual order for visitation entered here. On the other hand there is no evidence to show how these children would be housed when their father came and took them away, by whom they would be clothed, fed and otherwise taken care of, or otherwise how they might be treated. In cases where little children's welfare hangs in the balance, we cannot gamble it on an absence of evidence or on any presumption that tender care will be given by the natural parent. There should be clear, affirmative and guaranteeing evidence that the welfare of children such as these would not be jeopardized by execution of the order. No such evidence appears in this record, and

1. Barraclough v. Barraclough, 100 Utah 196, 111 P.2d 792; Callister v. Callister, 1 Utah 2d 34, 261 P.2d 944.

2. Allen v. Allen, 109 Utah 99, 165 P.2d 872, and cases cited therein; Tremayne v. Tremayne, 116 Utah 483, 211 P.2d 452.

we are compelled to remand the case with instructions to proceed in accordance with the views herein expressed as to rights of visitation.

McDONOUGH, C. J., and CROCKETT and WADE, JJ., concur.

WORTHEN, Justice (concurring in part and dissenting in part).

I agree with Mr. Justice Henriod that this case must be remanded. I believe, however, that the court was in error in failing to award $30 per month support money for each child.

In the case of Callister v. Callister, 261 P.2d 944, this Court at page 946, after quoting Sec. 30-3-5, U.C.A.1953, said:

"This court has held that, by reason of the statute, an agreement or stipulation between parties to a divorce suit as to alimony or *payments for support of children* is not binding upon the court in entering a divorce decree, but serves only as a recommendation, and if the court adopts the suggestion of the parties it does not thereby lose the right to make such modification or change thereafter as may be requested by either party, *based upon change of circumstances* warranting such modification." (Emphasis ours.)

The statement is salutory and intended to permit the trial court to look behind the stipulation and prevent fraud or coercion by one party upon the other, and to safeguard the interest and welfare of the children.

The father of three minor children had agreed that the court award to each child $30 per month support money. *For reasons not readily apparent the trial court cut the award for each child to $25 per month.*

The court in finding of fact No. 6 found as follows:

"That the defendant is receiving from the U. S. Government as payment for partial disability incurred in the military service of the United States the sum of $102.00 per month, and he is also employed in Las Vegas, Nevada, and is earning $70.00 per week."

It was suggested that the court may have been influenced in its action by the defendant's disability, but if that disability makes it impossible for him to continue to earn the $70 per week he is earning, then the court could reduce the amount if the changed condition warrants a reduction. But if the award of $25 per child (per month) is permitted to stand, then no additional award may be made without showing either increased earnings by defendant or greater need on the part of plaintiff.

However, while defendant has an income of approximately $400 per month, I am unwilling to approve an award of $75 for the support of his three children leaving him $325 with which to make four trips per month from Las Vegas to Cache

County to visit his children. More money even at the expense of fewer visits will in my opinion promote the best interest of the children.

The rule announced in the case of Callister v. Callister, supra, that stipulations are recommendations only, should not be permitted to make a father's duty to his minor children less than he admits it should be. Such an unconscionable award only tends to add to the public expense for the care of dependent children.

The trial court should be directed to increase the award for the children from $25 to $30 per month per child unless changed conditions are shown after further hearing justifying the award of only $25 per child.