Oma C. STRONG, Plaintiff
and Respondent,

v.

Ted J. STRONG, Defendant
and Appellant.

No. 14182.

Supreme Court of Utah.

March 31, 1976.

George M. McMillan and Ted Boyer, of McMillan & Browning, Salt Lake City, for defendant and appellant.

Guy R. Burningham and C. Bailey Sainsbury, Salt Lake City, for plaintiff and respondent.

MAUGHAN, Justice:

Plaintiff filed a motion seeking modification of a decree of divorce, viz., an increase in alimony and child support; and a judgment in the sum of $2,400 for back child support and alimony. Defendant responded with a motion seeking modifica-

tion of the decree, by eliminating the provisions for alimony; and an order relieving him of any obligation to pay alimony or child support for the minor daughter, Carolyn, after April 2, 1971.

The trial court ordered:

Plaintiff was denied payments for past due installments of alimony; defendant to continue alimony as provided in the decree, commencing May 1, 1975; that neither party could waive child support; that defendant pay $1,450 delinquent child support. We affirm.

At the hearing a document, signed by plaintiff, was introduced into evidence; it provided:

> To Whom It May Concern:
>
> I do hereby agree to relinquish my alimony payments and child support of one child, (Carolyn Strong) for the sum of $1,000 each, respectively.

Plaintiff testified she requested defendant advance her $2,000 as a downpayment on a home, with the understanding this sum constituted a prepayment; and 20 months afterward the payments would recommence. Defendant testified plaintiff could not find a residence that would be leased or rented to anybody with four children; that she asked defendant if he would give her $2,000 for a downpayment on a home. Defendant agreed to advance the sum with the understanding that child support for their youngest daughter and alimony would cease.

The trial court ruled that plaintiff did not intend by the execution of the document to waive alimony permanently. The court found plaintiff guilty of laches in failing to demand her alimony sooner, (payments should have commenced in November of 1972) and by not being more explicit in specifying that she was not waiving alimony permanently. Defendant

was found to have relied on these representations.

Defendant appeals solely from the provision of the judgment ordering him to commence alimony payments. He contends the document executed by plaintiff constituted an unconditional release, and she is bound by its terms.

In *Callister v. Callister*[1] this court stated that Section 30–3–5, U.C.A. 1953, gave the courts power to disregard the stipulations or agreements of the parties and enter judgment for such alimony or child support as appeared reasonable; to modify such judgments when a change of circumstance justified it; regardless of attempts of the parties to control the matter by contract. It would be anomalous if, at the outset, a court was not bound by the contract of parties concerning alimony, but would so be by any postjudgment contract. In *Apfelbaum v. Apfelbaum*[2] the court ruled that its jurisdiction to regulate the amount of alimony precludes the parties from making an agreement with respect thereto, which would be effective without judicial action, so as to entitle a party to sue for specific performance.

> Even where the parties, subsequent to the entry of the decree for alimony or support, attempt to compromise their differences by providing for the transfer of title to property or the payment of a lump sum as a final settlement of alimony claims, this does not affect the power of the court to modify the decree by making a provision different from that contained in the agreement.[3]

The rationale of this rule is that the parties cannot deprive the court of its power to modify alimony, for the laws were enacted for considerations of public concern and to subserve the general welfare, and cannot be abrogated by a private

1. 1 Utah 2d 34, 41, 261 P.2d 944 (1953).

2. 111 N.J.Eq. 529, 162 A. 543, 84 A.L.R. 298 (1932).

3. 166 A.L.R. 370, 372, Section III, Anno: Power of court to modify decree for alimony or support as affected by agreement or release executed after entry of decree.

**628**

agreement of the parties.[4] We do not say, however, that any postjudgment agreement could not be approved by the court.

■ Defendant further contends the trial record sustains his contention that the parties intended to be bound by an unconditional release of future alimony payments. The trial court specifically found contrary to defendant's contention. Since the evidence does not preponderate against the finding, the order must be sustained.[5]

ELLETT, CROCKETT and TUCKETT, JJ., concur.

HENRIOD, C. J., dissents.

4. See *Feves v. Feves*, 198 Or. 151, 254 P.2d 694 (1953); *LaClare v. LaClare*, 255 Cal. App.2d 511, 71 Cal.Rptr. 516 (1968).

5. *Stone v. Stone*, 19 Utah 2d 378, 431 P.2d 802 (1967).