Vanda Holman NAYLOR, Plaintiff
and Respondent,

v.

Melvin Charles NAYLOR, Defendant
and Appellant.

No. 14680.

Supreme Court of Utah.

April 11, 1977.

L. J. Barclay, of Barclay & Barclay, Joseph R. Howell, Salt Lake City, for defendant and appellant.

Nolan J. Olsen, Midvale, for plaintiff and respondent.

HALL, Justice:

Defendant appeals from an order of the district court awarding the proceeds of the sale of real property on the basis of one half each pursuant to a prior decree of divorce.

The decree of divorce was granted to plaintiff on September 6, 1956, by the Honorable Stewart M. Hanson, Sr., the same judge that entered the order complained of. By the terms of the decree plaintiff and defendant were each awarded an undivided one-half interest in all of the real property the sale of which gave rise to this dispute.

Some months after the decree of divorce was granted certain deeds were exchanged under conditions, and to accomplish purposes for which, the parties bitterly disputed at the time of trial. The deeds as executed conveyed to plaintiff and defendant the duplexes each desired, but the defendant's deed contained considerably more land than did plaintiff's. The ownership of the property facing State Street remained in joint tenancy and was not disturbed by the deed exchange. Over the years, land values sharply increased and the parties saw fit to sell their respective interests to a common purchaser and the proceeds of the sale of the jointly owned parcel were divided one half to each, but the proceeds of the sale of the duplex properties have not as yet been divided since defendant claims 70½ percent

of the property, exclusive of the business property, leaving only 29½ percent to plaintiff.

The question presented is whether the trial court abused its discretion in requiring the sale proceeds to be divided in accordance with its prior decree of divorce.

Neither party attempts to apply any law to the facts presented. Plaintiff cites no cases at all and although defendant cites five cases no attempt was made to relate them to the issues here.

It is elementary that in matters of divorce the trial judge has considerable latitude of discretion in the disposition of property and his judgment should not be disturbed unless it works a manifest injustice or inequity as to indicate a clear abuse of discretion.[1]

The actual effect of the deed exchange here was a modification of the decree of divorce which provided for an *equal* division of the real property. It is the court's prerogative to make whatever disposition of property as it deems fair, equitable, and necessary for the protection and welfare of the parties,[2] and the court need not necessarily abide by the terms of an agreement of the parties,[3] and of course there was a serious dispute of facts here as to what agreement was reached.

The court below found that no consideration passed for the conveyance to defendant of a greater portion of the realty than provided for in the decree of divorce and that it was inequitable to permit defendant to have a greater portion of the sale proceeds than that plaintiff was entitled to, and consequently he ordered an equal division thereof exactly as contemplated by the decree. Such was clearly

within his power as the fact finder and his ruling shall not be disturbed.

Affirmed. Costs to plaintiff.

ELLETT, C. J., and CROCKETT, MAUGHAN and WILKINS, JJ., concur.

1. *Wilson v. Wilson,* 5 Utah 2d 79, 296 P.2d 977 (1956); *Johnson v. Johnson,* 21 Utah 2d 23, 439 P.2d 843 (1968); *Pearson v. Pearson,* (Utah, 1977), 561 P.2d 1080.

2. *Mathie v. Mathie,* 12 Utah 2d 116, 363 P.2d 779 (1961); *Strong v. Strong,* Utah, 548 P.2d 626 (1976).

3. *Barraclough v. Barraclough,* 100 Utah 196, 111 P.2d 792 (1941); *Callister v. Callister,* 1 Utah 2d 34, 261 P.2d 944 (1953); *Christensen v. Christensen,* 18 Utah 2d 315, 422 P.2d 534 (1967); *Madsen v. Madsen,* 2 Utah 2d 423, 276 P.2d 917 (1954); *Klein v. Klein,* Utah, 544 P.2d 472 (1975).