**Gary A. McCRARY, Plaintiff and Respondent,**

v.

**Ernestine McCRARY aka Ernestine Paulsen, Defendant and Appellant.**

No. 16245.

Supreme Court of Utah.

Aug. 29, 1979.

---

1. See footnotes 3 and 11, main opinion.

2. See footnotes 8 and 9, main opinion.

Keith E. Murray, Ogden, for defendant and appellant.

.Pete N. Vlahos, Ogden, for plaintiff and respondent.

HALL, Justice:

Defendant appeals from an order of the district court which modified a decree of divorce so as to require her to pay child support.

The parties to this action were married in 1955 and divorced in 1970. Five children were born of the marriage, three of whom are still minors. At the time of the divorce, defendant was granted custody of all the children, plaintiff being ordered to pay child support in the amount of $40 per child per month. Subsequent to the divorce, defendant moved to Montana.

In 1974, upon petition by plaintiff, the court modified the original decree, granting plaintiff custody of the minor children and terminating his child support obligations to defendant. Subsequent to this modification, plaintiff suffered an injury in the course of his employment at Hill Air Force Base. The ensuing disability has prevented his pursuing his customary employment, limiting his personal income to certain disability benefits amounting to about one-half of his former salary. On this basis, in 1978, plaintiff again petitioned the trial court for a modification of the decree of divorce ordering defendant to contribute to the support of the remaining minor children. At the time of the petition, defendant was unemployed, and had a bank account containing approximately $5,300. Plaintiff had remarried since the divorce, his second wife being employed but supporting children by her own former marriage. Plaintiff and his second wife own substantial equity in their present home, and recently purchased a motor home.

As had often been the case in past proceedings relating to the divorce, defendant did not appear in person to defend against the 1978 motion to modify the divorce decree. She was, however, represented by counsel, and, upon the stipulation, entered certain answers to interrogatories posed by plaintiff as her testimony in the matter.[1] The trial court accepting her representations regarding her present financial status and unemployment but finding that "[t]here is really no reason why she does not work," ordered defendant to pay to plaintiff $25 per month per child.

On appeal, defendant urges this Court to set aside the ruling of the trial court as an abuse of its discretion, in light of the equities involved.

---

1. At no time during any of the proceedings connected with this divorce has defendant challenged the jurisdiction of the trial court over her person, nor does she raise such a question on appeal, her contentions at all times having been limited to the merits of the action. As such, she may be said to have consented to jurisdiction, and to have made a general appearance in the present action, minimal though that appearance might have been.

 Under Utah law, a trial court granting a decree of divorce is afforded considerable discretion in the area of property distribution.[2] Moreover, the court has continuing jurisdiction over the parties with regard to the decree, enabling it to make such subsequent modifications as are equitable.[3] The breadth of discretionary power given the trial court in the initial determination of the property division extends in equal measure to these subsequent modifications.[4]

 In these matters, a party seeking a reversal of the trial court must prove a misunderstanding or misapplication of the law resulting in substantial and prejudicial error, or that the evidence clearly preponderated against the findings, or that such a serious inequity resulted from the order as to constitute an abuse of the trial court's discretion.[5] It is not the role of the appellate forum in such cases to evaluate the sagacity of the trial court's decision, being based as it is on shadings of fact and circumstance unavailable to the reviewing court. If the decision rests properly within the bounds of judicial discretion imposed by law, our inquiry is at an end. Defendant refers us to the case of *Hendricks v. Hendricks*[6] for the proposition that a reviewing court should undertake a more probative, quasi-independent review of the facts underlying the trial court's ruling. That decision was long ago given a restrictive reading, and is now regarded as being in line with the standard set forth above.[7]

The trial court's ruling in the present action comports with that standard. Regardless of our own inclinations based strictly upon the record before us, defendant has shown us no facts or circumstances enabling us to treat the decision below as being so inequitable or devoid of evidentiary support as to constitute the abuse of discretion alleged. The burden of proof has not been met, and the decision is therefore affirmed. No costs awarded.

CROCKETT, C. J., and WILKINS and STEWART, JJ., concur.

MAUGHAN, J., concurs in the result.

**2.** U.C.A., 1953, 30-3-5.

**3.** Id.

**4.** *Mitchell v. Mitchell*, Utah, 527 P.2d 1359 (1974).

**5.** *English v. English*, Utah, 565 P.2d 409 (1977); *Hansen v. Hansen*, Utah, 537 P.2d 491 (1975); *Mitchell v. Mitchell*, cited supra; *Madsen v. Madsen*, 2 Utah 2d 423, 276 P.2d 917 (1954).

**6.** 91 Utah 553, 63 P.2d 277 (1936).

**7.** *MacDonald v. MacDonald*, 120 Utah 573, 236 P.2d 1066 (1951).