Shirlene Rae TURNER, Plaintiff and Appellant,

v.

Thomas DeLan TURNER, Defendant and Respondent.

No. 17257.

Supreme Court of Utah.

May 25, 1982.

Milton T. Harmon, Nephi, for plaintiff and appellant.

Donald J. Eyre, Jr., Nephi, for defendant and respondent.

STEWART, Justice:

Plaintiff appeals what she contends is an inequitable disposition of the marital estate and an inadequate award of alimony and attorney's fees in a divorce case.

Plaintiff and defendant were married in San Leandro, California, in 1971. Both had been married previously. The defendant brought assets into the marriage in the amount of approximately $29,000. No children were born as issue of their marriage. Plaintiff's minor son from her previous marriage was supported by both plaintiff and defendant throughout their marriage. Plaintiff entered the marriage with household furnishings, fixtures, and items of personal care and upkeep. Defendant possessed household furnishings, fixtures, a pick-up truck with a camper, Honda motorcycles, hand tools, electric welding equipment, interest in a lot, a home bought on contract in contemplation of the marriage with a down payment of $6,738, and savings in the sum of $10,000.

Prior to the divorce both parties were employed. Although defendant had reached retirement age, he continued his employment with the Oakland City Police Department for an additional year to qualify his wife for certain portions of his pension benefits. Plaintiff continued her employment with Bank of America during the years she remained in California.

In 1974 the parties began to acquire property in Utah in furtherance of their goal to move to Utah and own and operate a small farm. To make payments on the property and acquire the necessary farm machinery, defendant worked as an iron worker. In 1976 defendant came to Utah alone to work on the farm and to obtain employment locally. At times defendant devoted seven days a week and twelve hours a day to his work to supplement the family income and make the farming operation successful. In 1977 plaintiff moved to Utah with defendant. Plaintiff terminated her job with the Bank of America at the time she moved and withdrew her pension funds in order to help acquire the Utah real estate, thereby terminating all future pension benefits. The parties purchased the "Malmgren" and the "Horton" homes, as well as the "Christensen" and "Bendixen" farms, in Lehi, Utah. Plaintiff was responsible for the management functions of the parties' property and the family business.

At the time of the divorce, defendant was 60 years old with various health problems. Plaintiff was 41, in good health, and employed as a receptionist at a local medical clinic with a net monthly income of approximately $540. Defendant's net monthly income consisted of a $923 pension from the Oakland City Police Department and whatever income he was able to derive from the farm. Plaintiff's monthly living expenses were found to total $763.00 with an expected increase to $1000.00 per month due to her son's projected church mission or college expense.

The court awarded plaintiff the Horton home and all household furnishings, fixtures, and food storage located in the home and upon the property; a horse; a Honda 125; a judgment in the sum of $10,000 against defendant; a judgment against defendant for $1,400 which was the balance due on a loan from plaintiff's son which had been applied on the down payment for the Horton home; and a judgment against defendant in the amount of the unpaid balance on the Horton home of $20,000.

The defendant was awarded the Malmgren home and the furnishings, fixtures, and food storage located there; the Christensen and Bendixen farms; all farm supplies, improvements, and machinery; a pick-up truck; two motorcycles; the 1960 Rangle camper; a horse and colt; and three cemetery lots. The court granted plaintiff alimony in the sum of $50 per month for twenty-four consecutive months and $500 attorney's fees.

■ The parties, as is not uncommon, placed widely disparate values on the assets to be distributed. Plaintiff argues that, according to her appraisal, she received 27% of the assets or, according to defendant's appraisal, she received 33% of the assets. His calculations indicate that plaintiff received 42% of the marital assets based on his receiving a total of $95,688 and her receiving $69,800. Determination of the value of the assets is a matter for the trial court which will not be reviewed in the absence of a clear abuse of discretion. See *Jesperson v. Jesperson*, Utah, 610 P.2d 326 (1980); *McCrary v. McCrary*, Utah, 599 P.2d 1248 (1979). No such showing has been made.

Plaintiff also contends that the marital estate should have been divided equally between the parties since each contributed similar time and effort to the accumulation and maintenance of the property.

■ It is the court's duty to make a division of the property and income in a divorce proceeding so that the parties may readjust their lives to the new situation as well as possible. *MacDonald v. MacDonald*,

120 Utah 573, 236 P.2d 1066 (1951). There is no fixed rule or formula for the distribution of a marital estate. In *MacDonald v. MacDonald, supra*, the Court listed fifteen factors which may be considered in adjusting the rights and obligations of the parties. They include: the respective ages of the parties; what each may have given up for the marriage; what money or property each put into the marriage; the physical and mental health of the parties; the relative ability, training and education of the parties; the duration of the marriage; the present income of the parties; the efforts exerted by the parties in acquiring marital property; the present mental and physical age of the parties; the life expectancy of the parties; the ability of the wife to provide income for herself; and the ability of the husband to provide support.

■ Although this Court may weigh the evidence and substitute its judgment for that of the trial court in divorce actions, *Hendricks v. Hendricks*, 91 Utah 553, 63 P.2d 277 (1936), this Court will not do so lightly and merely because its judgment may differ from that of the trial judge. *MacDonald v. MacDonald, supra*. See *McCrary v. McCrary*, Utah, 599 P.2d 1248 (1979). A trial court's apportionment of marital property will not be disturbed unless it works such a manifest injustice or inequity as to indicate a clear abuse of discretion. *Kerr v. Kerr*, Utah, 610 P.2d 1380 (1980); *Naylor v. Naylor*, Utah, 563 P.2d 184 (1977).

■ A review of the record in the instant case reveals no abuse of discretion in the distribution of the assets. Based on the assets brought to the marriage, the contribution of each in obtaining marital property, the ages and health of the parties, and their current abilities and present income, it cannot be said that the trial court was unreasonably partial to one party.

■ We are also unpersuaded by plaintiff's contentions that the award of alimony and attorney's fees was inadequate. The purpose of alimony is to provide post-marital support. It is intended neither as a

penalty nor as a reward. On this record we cannot find an abuse of discretion in the award of alimony and attorney's fees.

Affirmed. Costs to respondent.

HALL, C. J., OAKS and HOWE, JJ., and RONALD O. HYDE, District Judge, concur.