**Christine BRITO, Plaintiff and Respondent,**

v.

**John Kelvin BRITO, Defendant and Appellant.**

No. 19205.

Supreme Court of Utah.

May 1, 1984.

Joseph H. Gallegos, Michael R. Sciumbato, Salt Lake City, for defendant and appellant.

Barrie A. Vernon, Tooele, for plaintiff and respondent.

PER CURIAM:

On appeal from a decree of divorce, appellant urges that the distribution of the property and the award of attorney's fees were inequitable.

The respondent had been married twice before and had given birth to a child of each of the prior spouses. When she met and started living with appellant, each of the parties brought into the live-in relationship various items of personal property. They also commenced construction of a house where they lived prior to their marriage in March, 1977. Two additional children of the parties were born. Appellant insisted that respondent discontinue receipt of welfare assistance and work as an Avon lady.

Respondent has had continuing income of $200 from her two prior husbands for the support of her first two children. Appellant's income was much greater and at divorce time was $1,700 per month. The appellant bought a 1979 Mustang, almost exclusively used by respondent, and a Chevrolet truck for his own use. The Mustang had a $6,800 mortgage on it at divorce time and the truck was owned clear. Appellant had made the $600 down payment on the house and personally had contributed $1,700 labor to its construction. For the most part he also paid the mortgage installments. All in all, the facts reflect that both parties contributed their best efforts and of their personal assets for a home. They provided the necessities for themselves and all four children, without disparity, and for their mutual good.

Lesser facts concerning furnishings and the like would appear to be without vital concern to the overall process of satisfactorily distributing the property. It appears that the trial court thought the interests of all concerned best would be served by leaving undisturbed the personal items possessed by the parties at separation. The court ordered the house sold after completion of the school term, which was less than two months away. After paying the costs of sale and the encumbrances, the proceeds were to be divided equally. Although respondent had only asked for alimony of $100 per month, she was awarded $200 per month "until the further order of the court." It seems obvious that the judge, in making the award, was considering the hardships incident to the reconstruction period when each of the parties would confront problems calling for a cushioning for new circumstances. Respondent was also awarded child support of $200 per month for each of the two children born to the parties.

Both sides have cited numerous cases with references to principles for determining the equities in cases like this. We do not disagree with any of them but we look to the facts for their application. This process involves weighing the equities in each case.

We think the trial judge in this case did not err in granting an inequitable award. As recently stated in *Turner v. Turner*, Utah, 649 P.2d 6 (1982):

Although this Court may weigh the evidence and substitute its judgment for that of the trial court in divorce actions, this Court will not do so lightly and merely because its judgment may differ from that of the trial judge. A trial court's apportionment of marital property will not be disturbed unless it works such a manifest injustice or inequity as to indicate a clear abuse of discretion.

(Citations omitted.)

The judgment is affirmed.

HOWE, J., dissents.