**Jerry Ann NUNLEY, Plaintiff and Respondent,**

v.

**Kenneth R. NUNLEY, Defendant and Appellant.**

**No. 870285–CA.**

Court of Appeals of Utah.

June 22, 1988.

Kent T. Yano (argued), Salt Lake City, for defendant and appellant.

Paul R. Frischknecht (argued), Manti, for plaintiff and respondent.

Before GREENWOOD, BILLINGS and DAVIDSON, JJ.

GREENWOOD, Judge:

Defendant, Kenneth R. Nunley, appeals from an adverse trial court judgment for alimony arrearages and the court's refusal to enter a divorce decree in conformity with the parties' stipulation. We affirm in part and reverse in part.

On September 11, 1985, plaintiff, Jerry Ann Nunley, filed for divorce from defend- ant. The parties had four children during their nineteen year marriage. On Septem- ber 18, the parties entered into a stipula- tion which awarded plaintiff the parties' home until the youngest child reached eigh- teen years of age, at which time the home would revert to defendant. The stipulation awarded no alimony to plaintiff and $500 per month child support for two minor chil- dren. On February 19, 1986, plaintiff ap- peared in court to obtain a default divorce, and the court informed plaintiff that it would not approve the stipulation. The court continued the matter until March 19 and advised plaintiff to notify defendant that the court would not approve the stipu- lation.

On March 19, 1986, plaintiff and her at- torney appeared in court. Defendant was not present. Plaintiff's attorney conceded that defendant had not been served with the complaint. He also represented that the parties had talked and defendant said he would pay plaintiff a one-half interest in the home or $10,000 as her equity in the home. There was no indication defendant had received notice of the hearing, other than a copy of a letter from plaintiff's attorney to defendant. The court approved the parties' stipulation subject to two changes: 1) plaintiff was awarded a one- half interest in the parties' home and al- lowed to reside in the home without any payment for as long as she desired; and 2) defendant was ordered to pay $400 per month in alimony. The court instructed plaintiff's attorney to personally serve de- fendant with the findings, conclusions and decree. The court allowed defendant thirty days after the date the decree was entered to petition the court for a modification. On March 21, 1986, the court entered findings of fact, conclusions of law and a decree of divorce, which included the provisions re- quiring service on defendant and the oppor- tunity to file a petition for modification.

Over four months later, in August 1986, defendant received a copy of the decree in the mail, but did not receive a copy of the findings and conclusions. In December 1986, defendant filed a motion to conform the decree to the stipulation. The court

denied the motion, found that defendant was not served with the findings and conclusions, and therefore allowed defendant to file a motion to modify the decree. Defendant filed a petition to modify the decree and a trial was held on May 20, 1987. After trial, the court found that defendant's earning ability was $39,000 yearly, while plaintiff's earnings were about $6,000 per year, and that it would be unfair to award the parties' home to defendant. The court found that the proposed stipulation was unfair and affirmed the decree previously entered. The court also entered judgment against defendant for $4,500 representing unpaid alimony which accrued from March 21, 1986 to the time of the trial. The judgment was offset by $742 defendant paid in taxes on the parties' home.

## I.

### JURISDICTION

We first consider whether the trial court had jurisdiction over defendant. Courts do not have jurisdiction to enter a divorce decree where there is no effective service of process. *Garcia v. Garcia*, 712 P.2d 288, 290 (Utah 1986). Further, a party may challenge the court's jurisdiction without submitting himself to it, but if a party asks the court for affirmative relief, that party is subject to the court's jurisdiction. *Downey State Bank v. Major–Blakeney Corp.*, 545 P.2d 507, 510 (Utah 1976).

In the instant case, the court acknowledged at the March 19, 1986 hearing that it did not have jurisdiction over defendant. Although plaintiff's attorney claimed that he had sent a letter to defendant informing him of the hearing, that letter is not an adequate substitute for service of the complaint. Similarly, defendant's execution of the stipulation did not confer jurisdiction on the court to enter an order contrary to the stipulation without prior notice and opportunity to be heard. Thus, as of March 19, 1986, the court lacked jurisdiction over defendant.

However, on December 31, 1986, defendant filed a petition for modification of the divorce decree, stating "Petitioner prays for Judgment against the Plaintiff for a Modification of the Decree of Divorce wherein the alimony award is deleted pursuant to the Property Settlement Agreement between the parties." The petition for modification requested affirmative relief, i.e. deletion of the alimony award, and thus gave the court jurisdiction over defendant commencing December 31, 1986. We note also that, although the petition was styled as one for modification of the divorce decree, the court did not require evidence of a substantial change in circumstances, but allowed a full evidentiary hearing, thereby providing defendant with proper due process. Consequently, the court's order entered in June 1987, after the May 1987 trial, is valid as the court then had jurisdiction over the parties. Also, those provisions of the decree entered in March 1986, which defendant stipulated to, such as the entry of the decree itself, remained in effect from the earlier date. However, because defendant did not submit to the court's jurisdiction until filing the December 31, 1986 petition, the March 1986 award of alimony was of no force or effect until hearing and order on defendant's petition. Therefore, the court's judgment for alimony arrearages was error and is hereby vacated and reversed.

## II.

### SETTLEMENT AGREEMENT

We next consider whether the trial court abused its discretion in rejecting the parties' settlement agreement. Property settlements are not binding upon trial courts in divorce proceedings. *Clausen v. Clausen*, 675 P.2d 562, 563 (Utah 1983); *Naylor v. Naylor*, 563 P.2d 184, 185 (Utah 1977). However, such agreements should be "respected and given considerable weight in the court's determination of an equitable division." *Clausen*, 675 P.2d at 564. Further, "[i]t is the court's perogative to make whatever disposition of property as it deems fair, equitable, and necessary for the protection and welfare of the parties...." *Naylor*, 563 P.2d at 185.

The parties in this case had two minor children at the time of the divorce. Plaintiff had an earning power of $6,000 and defendant had an earning power of $39,000 per year. The parties' stipulation provided that plaintiff would receive $500 per month child support for two minor children and no alimony. In addition, the stipulation awarded plaintiff the parties' home until the youngest child, who was born in 1971, reached the age of eighteen, at which time it would revert to defendant. The court declined to enter a decree in conformity with the stipulation, finding it inequitable, and instead awarded plaintiff $400 per month alimony and a one-half interest in the home, with the right to live in it at no cost for so long as she wished. Based on these facts and the testimony contained in the record, we find no abuse of discretion in the court's rejection of the settlement agreement as being inequitable, or in the terms incorporated into the final findings of fact, conclusions of law and decree of divorce.

Affirmed in part and reversed in part.

BILLINGS and DAVIDSON, JJ., concur.